RICHARD D. SIMPSON, PLAINTIFF IN ERROR, v. J. H. GREGG AND OTHERS, DEFENDANTS IN ERROR.

1. **Practice:** REFEREE: NEW TRIAL. To obtain a review of the decision of a referee, a motion for a new trial is necessary.

2. ———: ———: EXCEPTIONS. Where the motion for a new trial is based upon errors in the admission or rejection of testimony, or the ruling of the referee upon other questions of law arising before him, it should appear that exceptions were taken at the time the errors occurred.

3. ———: ———: ———. When, in such case, no motion for a new trial is made, the alleged errors will not be considered, but the judgment will be affirmed.

ERROR from the district court of Otoe county.

*G. B. Scofield*, for plaintiff in error.

*S. H. Calhoun*, for defendants in error.

LAKE, CH. J.

Judgment was rendered in this case in the court below, as is admitted, although it does not affirmatively appear from the record, upon the report of a referee, to whom the cause was referred generally. To the report of the referee several exceptions were filed, but what disposition was made of them by the court does not appear. Neither does the record show that any exceptions were taken to any action of the court, save the final judgment.

In order to have a review of the decisions of a referee under the code, a motion for a new trial must be filed, precisely the same as where the trial is to the court. And if the motion be based on the improper admission or rejection of testimony, or the ruling of the referee upon questions of law arising before him, it should appear affirmatively that exceptions were taken at the

time the alleged errors occurred. In other words, it should appear, from an inspection of the record, that the alleged errors were in fact committed by the referee, and that exceptions were taken thereto at the proper time.

For the reason, therefore, that no motion for a new trial was made, we cannot consider the alleged errors, and the judgment is affirmed.

JUDGMENT AFFIRMED.