Gillespie v. Brown & Ryan Bros.

WILLIAM M. GILLESPIE, PLAINTIFF IN ERROR, V. BROWN & RYAN BROTHERS, DEFENDANTS IN ERROR.

1. Trial before Referee: POWER OF COURT. Where a cause, pending in the district court, is referred to a referee to report his findings of fact and conclusions of law, and the referee at the request of one of the parties finds specially upon a branch of the case in favor of such party, but finds against him in his conclusion of law upon such special finding of fact, it is not error for the district court to reverse the decision of the referee as to the law applicable to such special finding, and render judgment thereon in accordance with the law of the case.

2. ———: ———. As to whether the district court has power to so change the rulings of a referee, upon a trial before him, by which he excluded the testimony of witnesses presented in the form of depositions, as to admit the rejected testimony is not decided. But as the order complained did not change the decision of the referee upon the merits of the case, or in any other respect affect the rights of the parties, it was without prejudice, and the judgment of the district court will not for that reason be set aside.

3. Exemption. Exempt property is not susceptible of fraudulent alienation. And while the right of a debtor to hold property exempt from execution is a personal privilege, yet if he asserts his right to such property, and conveys it to a third party by mortgage or otherwise, such third party will hold the property free from any claims of the creditors of his grantor, and the title of such grantor will inure to his benefit, and to that extent he may plead such exemption, and for the stronger reason can he do so if such conveyance was made in good faith and for a valuable consideration.

4. Chattel Mortgage: FILING. The object of the statute in requiring a copy of a chattel mortgage to be filed with the county clerk is to give notice to third parties of the existence of the mortgage, its terms and conditions, the amount secured thereby, and all other material conditions of the contract. In these respects the copy filed must be a "true copy" of the original mortgage. When this is done the law is complied with.

5. ———: ———. A chattel mortgage contained a provision that, if the mortgagor made default in any of the conditions of the

mortgage, the mortgagee might take possession of the mort-
gaged property, and upon giving "5" day's notice, sell it at pub-
lic auction, or a sufficient amount thereof to pay the debt. The
figure "5" was placed over the word "twenty" in the printed
blank used, and "twenty" was erased. In the copy filed in the
office of the county clerk, a similar printed blank being used,
the word "twenty" was not erased nor was the figure "5" in-
terlined, *Held*, A substantial compliance with the statute.

6. **Replevin.** In an action of replevin the right of property and
the possession thereof only can be tried.

ERROR to the district court for Lancaster county. Tried
below before POUND, J.

*R. D. Stearns,* for plaintiff in error.

*Brown & Ryan Bros, pro se.*

REESE, J.

This is an action of replevin. The suit was instituted
by the defendants in error who claimed the possession of
the property in dispute by virtue of a chattel mortgage
executed by Caroline A. Van Meter and Edward A.
Van Meter to secure the payment of certain promissory
notes. The mortgage was executed on the first day of
June, 1882, and a copy was filed in the office of the county
clerk on the fifth day of the same month.

The plaintiff in error, who was defendant below, claimed
the possession of the property by virtue of a levy of an
order of sale thereon in certain attachment proceedings
in the county court of Lancaster county. These attach-
ment proceedings were commenced on the sixth of June,
1882, and the levy of the order of attachment was made
on the seventh.

The district court referred the case to a referee, who
took the testimony and reported to the court his findings
of fact and conclusions of law. The findings were, in the
main, in favor of defendants in error. The plaintiff in

error filed exceptions to the report of the referee, and a motion for a new trial. The defendants in error filed a motion to modify the rulings and findings of the referee, and for confirmation of the report as thus modified. The exceptions and motion of the plaintiff in error were over-ruled. The motion of the defendant in error to modify the findings was sustained, and the report of the referee as modified confirmed, and judgment entered in favor of defendants in error.

The plaintiff in error seems to concede the right of the district court to modify the rulings and findings of a ref-eree, but insists that the court erred in modifying it in certain particulars, which are stated in his brief. Without stopping to enquire as to the power of the court to make the modifications complained of, our first attention will be given to the enquiry presented. The plaintiff in error in-sists that the court erred in so modifying the report of the referee as to give the defendants in error judgment for the value of three piano trucks, which was found by the referee to be forty dollars. Upon this part of the case the referee reported specially as follows: "That the two piano trucks described in plaintiff's mortgage were, prior to the bring-ing of this action, in the hands of the defendant, and while in his hands plaintiffs demanded possession of the goods under the mortgage, but that prior to the commencement of this suit the piano trucks were returned to E. A. Van Meter, judgment debtor, and plaintiff's mortgagor. That the value of the trucks was $40,00." This special finding being in the nature of a special verdict, it was competent for the court to render judgment thereon, in conformity with section 294 of the civil code, which is as follows: "When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly." Upon this partic-ular feature of the case the special finding of the referee had the effect of a special verdict. Sec. 300, Id. Under

this finding, the property not having been taken, it was competent for the action to proceed as one for damages. Sec. 193, Id. In this the court did not err.

It is next insisted that the court erred in so modifying the report as to admit in evidence certain depositions and records which tended to prove that the property in dispute was exempt to the mortgagors at the time of the execution of the mortgage to the payee of the promissory notes secured by the mortgage, as there was no issue of that kind before the court. While we think it must be conceded that the referee erred in rejecting this evidence, yet his findings of fact were against the plaintiff in error, and those findings were supported by the evidence which he did admit, therefore we fail to see where the plaintiff in error could be prejudiced by the action of the court in that behalf. If the property was exempt from execution it was no affair of the creditors as to what disposition Van Meter made of it. He could keep it or sell it as he might prefer. He could transfer it to his wife, as in this case, either by sale or gift, and her title would be good. If she had a good title she could mortgage it, and her title would inure to the benefit of the mortgagee. *Anderson v. Odell,* 16 N. W. Rep., 870. *Boggs v. Thompson,* 13 Neb., 404. *Derby v. Weyrich,* 8 Neb., 174.

It is claimed that " the right of a debtor to hold certain personal property is a mere personal privilege, and cannot be used by strangers." This is true. But the record discloses that the execution defendant, Van Meter, availed himself of his personal privilege, procured this particular property to be set off to him, and then transferred it to his grantee. Clearly there was no prejudicial error in the ruling of the court.

There is no question made as to the *bona fides* of the mortgage held by defendants in error. The proof shows and the referee finds that the amount secured by the mortgage was justly due on the notes, but it is claimed that the

mortgagee failed to file a true copy thereof in the office of the county clerk, as required by section 14, chapter 32, of the Compiled Statutes, and that the mortgage is void as to creditors. The basis of this claim is, that the copy filed in the office of the county clerk provides that if default be made in the condition of the mortgage, the mortgagee may take possession of the property, and after giving at least twenty days' notice of sale, sell it at public auction. In the original the word "twenty," which was printed in both blanks, was erased, and the figure "5" substituted. The question thus presented is, whether or not the filing of the copy is a sufficient compliance with the statute.

The evident object and purpose of the statute in requiring a copy to be filed is to give notice of the existence of the mortgage, together with its terms and conditions, that creditors, purchasers, and lien holders may know the amount due, to whom, and when due. In other words, to apprise them of all the material conditions of the contract, so that holders of after acquired interests and creditors may be apprised of the exact interest of the mortgagee and the extent of the retained title of the mortgagor.

When this is done we think the law is complied with. But it is contended that as the statute provides that a notice of at least twenty days must be given before sale can be had, it was not competent for the parties to fix upon a shorter time. However that might be, if the question was between the parties to the mortgage, it is wholly unimportant here, as the question of foreclosure is not involved in this case, and were the question material it is quite difficult to see how that could affect the whole mortgage. That particular clause might be void, be overridden by the statute, and yet the mortgage be good. But we are of opinion that the discrepancy was wholly immaterial, and that the referee was correct in so finding. A number of cases are cited by plaintiff in error in support of the opposite view, but we find none of them in point.

In *Ely v. Carnley*, 19 N. Y., 496, it was held that a mistake of one hundred dollars in copying the amount of the indebtedness was not a compliance with the statute, as it did not advise creditors and subsequent purchasers and lienholders correctly in an essential point. But the court says, "A trifling mistake in the copy filed might not vitiate, upon the principle that the law will not regard trifles." The copy filed was a sufficient copy of the mortgage. It was filed before the levy was made by plaintiff in error. He therefore was charged with notice of the rights of defendants in error.

It is claimed that the equity of redemption in mortgaged personal property might be levied upon and sold under execution. This might be true, and yet it would not deprive the mortgagee of the right of possession which his mortgage gave him.

It is also claimed that the proof shows a surplus in the hands of the defendants in error, and if their mortgage be held valid the plaintiff in error should, by virtue of his levy, have a lien on such surplus. That question can not arise in this case. The contention is only for the possession of the property. If the property was subject to the levy made by the plaintiff in error, he thereby acquired an interest to the extent of the judgment upon which the order of sale had issued, but subject to the lien and right of possession of the defendants in error, so long as their mortgage remained unsatisfied. Had the plaintiff in error sought to avail himself of his rights in this respect by tendering to the defendants in error the amount due them on their mortgage, or by process of garnishment, or by any of the other available methods provided by law, the case might have been one in which his rights could be protected, but such a case is not presented.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.