## JOSEPH J. GILES *vs.* EDWIN C. SWIFT.

Suffolk. November 10, 1897. — March 3, 1898.

Present: ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Broker's Commission — Action — Defence — Agreement to Purchase — Description of Land — Statute of Frauds — Option.*

If a broker is employed by A. to purchase the whole of an estate, and is unable to get the title all at once, as the property belonged to different persons, but gets a conveyance of an undivided third, which is accepted by A., who finally gets the title to the whole estate, the broker is entitled, in an action against A. for his services, to go to the jury on the question whether A. did not accept partial performance under such circumstances that he was bound to pay what the services were reasonably worth.

A broker who is instructed by his employer to secure an option on the property of A., there being no limit fixed, and who secures an option accordingly, may maintain an action against his employer for his services, A. so far as appears being treated by both parties as the owner, and there being nothing to show that he was not so, or that the defendant ever raised an objection on this score until the trial.

Where a broker obtains from A. a written agreement to sell a parcel of land, and to give a warranty deed thereof, for a certain sum, in an action by the broker against his employer for his services the defendant cannot contend that the agreement was unavailing to secure the land because there was no evidence that A. owned or was authorized to convey it, if the evidence tends to show that the defendant was aware of A.'s relation to the property and instructed the broker to get from him the best document he could, being satisfied that an agreement from him would be carried out, and the contract in form is sufficient to bind A.

A written agreement by A. to sell land described it as "a certain parcel of land lying in S. aforesaid, being bounded by the F. Railroad, W. Street, and by land of other persons, now to us unknown, and containing about six and ½ acres." *Held,* that, there being nothing to show that A. owned more than one estate in S., or that there was any difficulty in identifying it, it could not be said that the description was insufficient to take the contract out of the statute of frauds.

In an action by a broker for his services, if there is evidence tending to show that, pursuant to directions from the defendant, the plaintiff took an agreement to purchase land in his own name, the agreement being his personal agreement, and that he then offered to the defendant the option to take so much of the land as he wished, the latter cannot contend that the plaintiff was not authorized to make an agreement to purchase the land, but only to get an option to purchase it, and the plaintiff is entitled to go to the jury.

CONTRACT, upon an account annexed, by a real estate broker, to recover commissions for services alleged to have been rendered the defendant in relation to three parcels of land in Somerville, designated as the Hanley, Linnehan, and Sanborn estates, respectively. At the trial in the Superior Court, before *Bond,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*F. Hutchinson,* for the defendant.

*S. D. Charles,* for the plaintiff.

ALLEN, J. 1. The rulings asked, that the plaintiff -could recover nothing for services in respect to the Hanley estate, were rightly refused. It is true, the plaintiff's original authority was only to purchase the whole estate. But it appeared that the title could not be got all at once, as the property belonged to three different persons or estates. There was evidence tending to show that the plaintiff did something in respect to securing a title, and that he got a conveyance of an undivided third, which the defendant accepted, and that the defendant finally got the title to the whole estate, and the plaintiff was entitled to go to the jury on the question whether the defendant did not accept partial performance under such circumstances that he was bound to pay what the plaintiff's services were reasonably worth.

2. The ruling asked, that the plaintiff could recover nothing for services in respect to the Linnehan estate, was rightly refused. There was evidence tending to show that the defendant instructed the plaintiff to secure an option on this property at once, before he went home, and that he fixed no limit; and that

the plaintiff secured an option accordingly. So far as appears, Linnehan was treated by both parties as the owner, and there is nothing to show that he was not so, or that the defendant ever raised an objection on this score, till the trial.

3. The ruling asked, that the plaintiff could recover nothing for services in respect to the Sanborn estate, was also rightly refused. It appeared that the plaintiff obtained from William A. Sanborn a written agreement to sell the whole parcel, and to give a warranty deed thereof, for $44,000. The defendant now contends that this was unavailing to secure the land, because there was no evidence that Sanborn owned or was authorized to convey it. But the evidence tended to show that the defendant was aware of Sanborn's relation to the property, and instructed the plaintiff to get from him the best document he could, being satisfied that an agreement from him would be carried out. The contract in form was sufficient to bind Sanborn.

The defendant also contends that the description of the land was insufficient to take the contract out of the statute of frauds.* But there was nothing to show that the Sanborns owned more than one estate in Somerville, or that there was any difficulty in identifying it. *Hurley* v. *Brown*, 98 Mass. 545. *Murray* v. *Mayo*, 157 Mass. 248.

The defendant also contends that the plaintiff was not authorized to make an agreement to purchase the land, but only to get an option to purchase it. But there was evidence tending to show that, pursuant to directions from the defendant, the plaintiff took the agreement in his own name, his agreement to purchase being his personal agreement, and that he then offered to the defendant the option to take so much of the land as he wished, and that the defendant thus got the desired option with-

---

* The material part of this agreement was as follows : " I, Wm. A. Sanborn, of Hartford, in the State of Connecticut, for the heirs of Dan'l A. Sanborn, hereby agree to sell to Joseph J. Giles of Somerville, in the county of Middlesex and Commonwealth of Massachusetts, a certain parcel of land lying in Somerville aforesaid, being bounded by the Fitchburg Railroad, Washington Street, and by land of other persons, now to us unknown, and containing about six and ½ acres; meaning to convey all the land contained in said parcel."

out being bound to purchase. This was sufficient to entitle the plaintiff to go to the jury.

There is nothing else in the defendant's brief calling for remark.                                        *Exceptions overruled.*