R. D. Howe v. The City of Hobart, *a Municipal
Corporation.*

(Filed February 13, 1907.)

1. **APPEAL AND ERROR—Practice—Exceptions—Referee.** This
court cannot consider assignment of error attacking the action
of a referee before whom a case was tried in the district court.
Such action when complained of must be attacked in the district
court, and the action of the district court thereon may be as-
signed as error in this court.

2. **SAME—Same.** The evidence taken before a referee in a cause
where the referee is directed to try the cause, make findings of
fact and conclusion of law and report the same to the court, can
only be preserved and made available for review in the district
or supreme court by incorporating the same into a bill of ex-
ceptions and having the referee to allow and sign the same.

3. **SAME—Same.** The rulings, findings and report of a referee can
only be made the subject of review in this court when first pre-
sented to the district court by a motion for a new trial,
or by motion to set aside and vacate the findings and conclusions
for errors set forth in such motions.

(Syllabus by the Court.)

*Error from the District Court of Kiowa County; before
Frank E. Gillette, Trial Judge.*

*Ernest M. Bradley,* for plaintiff in error.

*John A. McKeene,* for defendant in error.

Opinion of the court by

Burford, C. J.: It appears from the case made at-
tached to the petition in error, that the plaintiff in error
brought an action in the district court of Kiowa county to

recover compensation alleged to be due him as city attorney of the city of Hobart. He alleged that he was the duly elected, qualified and acting city attorney of the city of Hobart for a certain term, and that the mayor and common council had attempted to remove him from office and prevented him from discharging his duties or performing the functions of said office, and refused to pay him the salary, fees and emoluments belonging to said office.

The city answered that Howe had been removed by the mayor and council in the exercise of their authority, and that the office of city attorney for the time Howe claims compensation had been filled by other persons acting as such officer, and the salary and fees had been paid to such other officials.

The cause was sent to a referee for trial and the referee ordered to try the cause, determine the facts and report his findings of fact and conclusions of law to the court. The cause was tried to the referee who heard the evidence, and made a number of special findings upon which he stated his conclusions, and filed the same with the court.

The petition in error embraces thirteen separate and several assignments of error, twelve of which attack the action of the referee and complain of his findings of fact or conclusions of law, and only one, the 13th, refers to the action of the court which rendered the judgment in the cause.

This court has no original jurisdiction to review the action of the referee. If the plaintiff in error desired to have this court review any of the rulings or findings of the referee he should have first presented the questions to the court in

which the referee was acting, either by a motion for new trial and setting up what he here complains of as grounds for a new trial, or by a motion to set aside and vacate the findings of the referee, and if overruled by the court, the action of the court could be assigned as error in this court.

While the case made contains what purports to be the evidence taken before the referee, there is no bill of exceptions allowed and signed by the referee, and nothing in the record to authenticate this evidence. The court which appoints a referee and directs him to try the cause generally, hear the evidence, determine the facts and make and file findings of fact and conclusions of law, has no means of knowing, and cannot know, what evidence was submitted to the referee, or what objections were made or exceptions saved. The statute authorizes the referee to allow exceptions, and one who desires to preserve the evidence for review in the district or supreme court, must prepare, submit and have allowed and signed by the referee his bill of exceptions containing the evidence or so much thereof as he relied upon to present the question complained of. The evidence incorporated into the case made was never in any manner made a part of the record and cannot be considered for any purpose. The record contains no objections made to the report of the referee in the district court, no motion to set aside the referee's report, no motion for new trial, or other proceeding before the court after the filing of the referee's report, except the rendition of the final judgment.

The only question presented by the record that this court can consider is the thirteenth assignment of error, to-wit:

· "That the court erred when he approved and confirmed the findings of fact and conclusions of law of the referee in this action, and held that this action should be dismissed and that the defendant have and recover of said plaintiff its costs."

Under this assignment we can only look to the judgment roll and determine if there is error apparent upon the face of the record. We are not permitted to question the facts found, and while some of the conclusions may be erroneous, yet the judgment rendered is right upon the facts found, and we cannot disturb it. The questions presented by the briefs are important and interesting and are well presented, but in the present state of the record we cannot consider them.

The judgment of the district court of Kiowa County is affirmed, at the costs of the plaintiff in error.

Gillette, J·, who presided in the court below, not sitting; Burwell, J., dissenting; all the other Justices concurring.