# M. Iralson v. Jacob Stang, A. M. Funkhouser, and Ella C. Hobbs.

### (Filed February 15, 1907.)

1. REFEREE—Findings of—Not Reviewed, When. Where a cause is referred to a referee to find and report the facts and conclusions of law to the court, and no bill of exceptions is allowed and signed by the referee, preserving the evidence, the court cannot consider the question of the sufficiency of the evidence to support the findings of the referee.

2. REFEREE—Duty of—Bill of Exceptions. The referee has the authority and it is his duty when a proper bill of exceptions is presented to him before he files his report, to allow and sign same and file with his report.

3. SAME—Same—Powers of Judge. The judge of the court has no authority to allow and sign a bill of exceptions, preserving the evidence heard before a referee, or to incorporate the same into a case made, unless first authenticated and made a part of the record by bill of exceptions signed by the referee.

4. SAME—Powers of—New Trial. A referee has no power to grant a new trial, but the court may grant a new trial or set aside the report of a referee when errors of the referee are made to appear by bill of exceptions.

5. PLEADINGS AND PRACTICE—Filing Briefs. This court will not consider a cross-petition in error where no brief is filed in support thereof.

6. REFEREE—Findings of—Duty—Exceptions. A referee should announce his findings and conclusions to the interested parties a sufficient length of time before making his report to enable the defeated party to prepare and present his exceptions and preserve his record for review.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before Frank E. Gillette, Trial Judge.*

*Stevens & Miller,* for plaintiff in error.

*J. A. Baker,* and *Sims & Wolverton,* for defendants in error.

Opinion of the court by

BURFORD, C. J.:   This action was commenced in the district court of Comanche county by Jacob Stang for the purpose of recovering a judgment against the defendant Funkhouser for the sum of $300 and interest and for a ·decree for the conveyance to him of a certain interest in real estate in which each of the defendants claimed an interest adverse to him.   Issues were made and the cause was referred to a referee for trial, with directions to try and determine all questions of law and fact that might arise in the courts of the proceedings, and to report findings of fact and conclusions of law.   The referee heard the testimony and made findings of fact and stated his conclusions of law, which he embodied in a report which was filed in court.   The defendant Iralson and defendant Hobbs, each filed objections to certain of the findings of fact and to the conclusions of law, and also each severally filed with the court a motion for a new trial.   The objections, exceptions and motions were all overruled, and the court rendered judgment confirming and approving the report of the referee and rendered judgment in favor of Stang as recommended by the referee. The case comes here on petition in error, to which is attached a case made containing all the pleadings, the stenographer's long hand notes of all the proceedings before the referee, and the report of the referee, together with all proceedings relating thereto, and the final judgment.

The plaintiff in error complains of the findings of the referee as not being supported by any evidence, and refers to the contents of the case made as proof supporting this contention.   While it appears that all the evidence introduced before the referee is, in fact, incorporated into the case made, yet it is also a fact that it is no part of the record and cannot be considered.   No bill of exceptions was signed or allowed by the referee, preserving the testimony taken on the trial, and no order of the court was made requiring him to return the evidence as part of his report.   The judge of the court who settles and authenticates a case made has no means of knowing what evidence has been introduced before a referee or what objections have been made or exceptions saved; hence no one has any authority to authenticate the evidence and make it part of the record, except the referee who tried the case.   Incorporating it into the case without it having been first brought into the record in some proper manner will not make it available on appeal.

The practice in such matters under codes from which ours was adopted or copied, is well settled.   The party desiring to have the evidence taken before a referee reviewed for any purpose, or any of the proceedings before the referee prior to filing his final report with the court, must within proper time prepare a bill of exceptions embracing so much of the evidence and such parts of the proceedings as he desires made a part of the record, and present the same to the referee for allowance and signing before he files his report with the court.   If this is not done, the court will not go behind the report of the referee.   A motion for new trial will only present to the court the errors committed by the referee

during the proceedings had before him the same as those before the court in cases of trials by jury, and will not present such questions unless the matters complained of are preserved by bill of exceptions signed by the referee and filed with the court as part of the record.

The court may, on proper motion and exceptions to the conclusions of law, set the same aside and render a different judgment. But the court cannot set aside the findings of a referee unless the evidence is before the court. The following authorities relate to and support the proposition we have stated. *DeLong v. Stahl,* 9 Kans. 558; *Murray v. Kelley,* 23 Kans. 666; *Jones v. Kranks,* 33 Kan. 487; *Simpson v. Gregg,* 5 Neb. 237; *State, ex rel., v. Dunterman, et al.* 30 Neb. 651; *Light v. Kennard,* 10 Neb. 330; *Turner v. Turner,* 12 Neb. 161; *Whalem v. Brennen,* 34 Neb. 129; *Gillespie v. Brown,* 16 Neb. 457; *School Dist. No. 1. v. Bishop, et al.,* 46 Neb. 850; *Abbott v. Mathews, et al.,* 26 Mich. 176; *Berier v. Wright,* 30 Mich. 485.

All the propositions presented by the plaintiff in error in this case are dependent upon an examination of the evidence for their determination. The evidence is not before us and we cannot review the matters complained of. There is no reversible or available error pointed out, and we must affirm the judgment of the district court.

The defendant Hobbs has filed a cross-petition in error, but as no briefs have been filed in support of the cross-petition it will not be considered.

The judgment of the district court of Comanche County is affirmed at the costs of plaintiff in error.

City of Perry *et al.*, v. Davis *et al.*

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.