CAMPBELL *et al.* v. SHERMAN.

No. 1948, Okla. T.   Opinion Filed April 18, 1908.

(95 Pac. 238.)

1.   APPEAL—Findings of Referee—Review.   Where a cause is referred to a referee to find and report the facts and conclusions of law to the court, and no bill of exceptions is allowed and signed by the referee preserving the evidence, this court cannot consider the question of the sufficiency of the evidence to support the findings of the referee.

2.   SAME—Presumptions.   Where the findings of a referee are substantially predicated upon the issues joined by the pleadings, it must be presumed by this court, in the absence of the evidence from the record, that there was sufficient testimony introduced at the trial to warrant the findings.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; before B. F. Burwell, Judge.*

Action by A. O.. Campbell and Emily Culbertson against N. S. Sherman.   Judgment for defendant, and plaintiffs bring error. Modified.

*R. M. Campbell,* for plaintiffs in error.
*Shartel, Keaton & Wells,* for defendant in error.

KANE, J.   This was a suit by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below, to recover on an account for material furnished for the construction of a certain building situated on lots 17 and 18 in block 5, in Oklahoma City, and to foreclose a mechanic's lien on said building.   The

cause was, by agreement of parties, tried before a referee appointed by the court below to try both law and facts. The evidence taken at the trial was not preserved and made a part of the record by proper bill of exceptions allowed and signed by the referee. It has been held by the Supreme Court of the territory of Oklahoma in at least three cases—*Howe v. City of Hobart,* 18 Okla. 243, 90 Pac. 431; *Iralson v. Stang,* 18 Okla. 423, 90 Pac. 446, and *Block v. Pearson,* 19 Okla. 422, 91 Pac. 715—and by the Supreme Court of the state of Oklahoma in one case—*Wichita Mining & Improvement Company v. Hale et al.,* 20 Okla. 159, 94 Pac. 530—that "where a cause is referred to a referee to find and report the facts and conclusions of law to the court, and no bill of exceptions is allowed and signed by the referee preserving the evidence, this court cannot consider the question of the sufficiency of the evidence to support the findings of the referee."

With the evidence omitted from the record, there is only one question raised by the plaintiffs in error that may properly be reviewed here. The point thus made involves a discrepancy, apparent upon the face of the report, between certain findings of fact and conclusions of the referee, whereby the judgment against the plaintiffs in error was rendered for $121.22 more than it should have been. It is clear that this was a mere oversight. The defendant in error admits that it was, and that the judgment below should be reduced by this sum. There seems to have been no offer by the defendant in error to remit this amount in the court below, but as it is one of the errors the plaintiffs in error complain of, and as it was not corrected below, we believe the judgment of the court below should be modified by deducting therefrom the sum of $121.22, and that the costs of taking the case to this court should be taxed to the defendant in error.

We cannot agree with counsel for plaintiffs in error that his fourth assignment of error raises a question that can be reviewed without reference to the evidence. The referee states that the findings attached by this assignment were based upon what appeared generally in the case, as well as upon the pleadings. In the absence

of the evidence from the record, it must be presumed that there was sufficient evidence adduced at the trial to support the finding of fact.  Where the findings of fact of a referee are substantially predicated upon the issues joined by the pleadings, it must be presumed by this court, in the absence of the evidence from the record, that there was sufficient testimony introduced at the trial to warrant the findings.  *Wichita Min. & Imp. Co. v. Hale et al., supra.*

It is therefore ordered that the judgment of the court below be modified to conform to the views herein expressed, and that the costs of taking the case to this court be taxed to the defendant in error.

All the Justices concur.