PETTIS *et ux.* v. McLAIN *et al.*

No. 2054, Okla. T.    Opinion Filed June 24, 1908.

(98 Pac. 927.)

1.  APPEAL AND ERROR—Review—Findings of Referee—Evidence —Presumption of Sufficiency.  Where the findings of a referee are, in the main, predicated upon the issues joined by the pleadings, it will be presumed, on review in this court, where the evidence has not been preserved by a bill of exceptions for consideration here, that there was sufficient testimony introduced on the trial to warrant the findings.

2.  JUDGMENT—Res Judicata.  A judgment rendered upon a demurrer to a petition or complaint between the same parties and on the same facts pleaded in a subsequent action is final and conclusive until reversed on appeal, and is a bar to any subsequent action based thereon.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; before C. F. Irwin, Judge.*

Action to vacate judgment by Jerry Pettis and wife against J. K. McLain and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

On the 29th day of July, A. D. 1901, the plaintiffs in error, as plaintiffs, instituted this action against the defendants in error, as defendants, in the court below for the purpose of having vacated a certain decree theretofore rendered in favor of said

defendants against said plaintiffs in the district court of King-fisher county, territory of Oklahoma, wherein the said defendants were adjudged to have a lien on certain lands, the property of the plaintiffs, in the sum of $600, and costs and interest, alleging that the same was procured through fraud.

Plaintiffs afterwards filed an amended petition, setting up said allegations in detail, and thereafter in due time defendants separately answered, denying all the allegations of fraud and pleading a former adjudication.

Said cause was duly referred to a referee, and he thereafter reported his findings of fact and conclusions of law. Paragraph 7 of said findings of fact is as follows:

"That on February 23, 1898, Pettis and wife began a suit in the district court 'of Kingfisher county to set aside the judgment rendered in said foreclosure suit wherein they admit the receipt of $400, but they say they expected to get $600 at the time the loan was made. Said petition was heard and disposed of on demurrer, and a decision made that the petition was not sufficient, and leave given plaintiffs to amend, which, it seems, was never done, and the case finally dismissed and judgment entered against plaintiffs for cost."

Paragraph 5 of his conclusions of law is in *haec verba*: "That there has been a former adjudication of the same matter upon the demurrer to the petition of February 23, 1898." No bill of exceptions was allowed and signed by the referee preserving the evidence taken before him. The findings of fact by him were based upon the issues joined by the pleadings.

*Buckner & Buckner,* for plaintiffs in error.
*Stevens & Myers,* for defendants in error.

WILLIAMS, C. J. (after stating the facts as above). Where a cause is referred to a referee to find and report the facts and conclusions of law to the court, and no bill of exceptions is allowed and signed by him as referee preserving the evidence, it has been repeatedly held by this court that the question of the sufficiency of the evidence to support the findings of the referee cannot be

considered. *Howe v. City of Hobart*, 18 Okla. 243, 90 Pac. 431; *Iralson v. Stang et al.*, 18 Okla. 423, 90 Pac. 446; *Block v. Pearson*, 19 Okla. 422, 91 Pac. 715; *Wichita Mining & Improvement Co. v. Hale*, 20 Okla. 159, 94 Pac. 530; *Campbell et al. v. Sherman*, 20 Okla. 185, 95 Pac. 238. The evidence not being properly in the record, the only questions that can be considered by this court are those apparent upon the face of the record. The report of the referee must be considered here as having had sufficient evidence to sustain the same in the court below.

The referee finds that on the 23d day of February, A. D. 1898, the plaintiffs began an action in the district court of Kingfisher county, territory of Oklahoma, to set aside a judgment or decree rendered in a foreclosure suit which is attacked in this action on the same grounds, the same parties being joined in this action, and that said proceeding was finally disposed of and determined on demurrer against the contentions of said plaintiffs.

"A judgment upon demurrer may be a judgment on the merits; if so, its effect is as conclusive as though the facts set forth in the complaint were admitted by the parties or established by evidence submitted to the court or jury. No subsequent action can be maintained by the plaintiff if the judgment is against him on the same facts stated in the former complaint. If any court errs in sustaining a demurrer and entering judgment for defendant thereon when the complaint is sufficient, the judgment is nevertheless 'on the merits'; it is final and conclusive until reversed on appeal. Until then the plaintiff cannot disregard it and maintain another action. The effect of a judgment still in force is never diminished on account of any mistake of law on which it is founded." (Freeman on Judgments (4th Ed.) § 267, p. 487).

The referee found that there had been a former adjudication of the same matter upon the demurrer to the petition, and under the allegations of the answer of defendants it was between the same parties. The said decree or judgment having become final, the matter is *res judicata*, and bars plaintiff from renewing said contention in any other original proceeding between said parties.

The judgment of the court below is affirmed.

All the Justices concur.