## RENDER v. HOCKER.

No. 160.    Opinion Filed May 10, 1910.

(108 Pac. 1105.)

**APPEAL AND ERROR—Necessity for Bill of Exceptions.** Where a cause is referred to a referee, to find and report the facts and conclusions of law to the court, and no bill of exceptions is allowed and signed by the referee, preserving all the evidence, this court cannot consider the question of the sufficiency of the evidence to support the findings of the referee.

(Syllabus by the Court.)

*Error from District Court, Cleveland County; C. F. Irwin, Judge.*

Action between S. P. Render and J. W. Hocker. From the judgment, Render brings error. Dismissed.

*Newell & Jackson,* for plaintiff in error.

*S. T. Bledsoe, C. L. Botsford,* and *J. B. Thompson,* for defendant in error.

KANE, J.    The only questions raised by counsel for plaintiff in error in their assignment of error, and argued in their brief, are such as would require an examination of the evidence to review. The cause was tried to a referee, and it does not appear that he made all the evidence taken before him a part of the record by bill of exceptions.    This precludes this court from passing upon such questions.

"Where a cause is referred to a referee, to find and report the facts and conclusions of law to the court and no bill of exceptions is allowed and signed by the referee, preserving the evidence, this court cannot consider the question of the sufficiency of the evidence to support the findings of the referee." (*Wichita Mining & Improvement Co. v. Hale et al.,* 20 Okla., 159, 94 Pac. 530; *Campbell et al. v. Sherman,* 20 Okla. 185, 95 Pac. 238.)

It is true there is incorporated in the record what purports to be a bill of exceptions allowed by the referee; but it does not contain

all the evidence. The certificate of the referee thereto states that it "contains all the evidence introduced on the hearing of said cause, with the exception of the books of the bank, which are referred to in said record and made a part of said record, and also Exhibit A attached to defendant's third amended answer, which was introduced in evidence and made a part of said record." This is not sufficient. All the evidence must be preserved. The foregoing cases, tried before the Supreme Court of the state, follow a long line of decisions by the Supreme Court of the territory of Oklahoma; so this question of practice has long since ceased to be an open one.

The appeal must be dismissed.

All the Justices concur.