## BAILEY *et al.* v. ROWE *et al.*

### No. 1718.   Opinion Filed May 14, 1912.

(124 Pac. 282.)

1.  **APPEAL AND ERROR—Review—Findings of Referee.** Where a cause is referred to a referee to find and report the facts, and no bill of exceptions is allowed and signed by the referee preserving the evidence, this court cannot on appeal consider any question affecting the sufficiency of the evidence to support the findings of the referee.

2.  **BROKERS—Sale of Oil Leases—Compensation.** The owners of an oil and gas mining lease employed brokers to sell same within a stipulated period at a flat price, or for a price equal to $200 per barrel, average daily production of the wells then upon the lease as shown by a gauge thereof for ten days to be taken during the period of the contract. On the last day of the period of the contract, without having taken any gauge of the wells, the brokers presented to the owners a purchaser who offered to purchase at $200 per barrel average daily production as shown by a gauge for the time provided in the contract, which offer the owner accepted. **Held** that, by accepting said offer with knowledge that the gauge had not been made during the period of the contract, they waived the provision of the contract between them and the brokers providing for the gauge to be taken before the expiration of the contract.

(Syllabus by the Court.)

*Error from District Court, Nowata County;*
*T. L. Brown, Judge.*

Action by Fred S. Rowe and others against Fred D. Bailey and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

*James C. Denton* and *William S. Cochran,* for plaintiffs in error.

*J. Wood Glass* and *C. I. Weaver,* for defendants in error.

HAYES, J.   This action was instituted in the court below by defendants in error, hereinafter called plaintiffs, against plaintiffs in error, hereinafter called defendants, to recover $700 with interest as compensation for services rendered in compliance

with a written contract executed by defendants on January 16, 1907, whereby plaintiffs were employed or authorized for a stated period of time to sell for defendants two certain oil leases, said compensation as alleged in the petition amounting to $600, and also to obtain judgment for the return of $100 paid by plaintiffs to defendants under written contract executed December 10, 1908. The trial court found that plaintiffs were not entitled to recover the $100 last above mentioned, and from that decision no appeal has been prosecuted and said claim and the contract on which it is based may be eliminated from further consideration.

The cause was tried to a referee who, after hearing the evidence, reported findings of fact and conclusions of law upon which the trial court rendered judgment in favor of plaintiffs for the sum of $470 and costs.

Several propositions are urged in defendants' brief in this court for reversal of the cause. The first proposition is that the court erred in overruling defendants' demurrer to plaintiffs' evidence. The second and fourth propositions are that the court erred respectively in its sixth and eighth findings of fact.

None of the foregoing propositions can be considered by this court for the reason that no bill of exceptions preserving the evidence was allowed and signed by the referee. It is a well-established rule in this jurisdiction that where the cause is referred to a referee to find and report the facts and conclusions of law to the court, and no bill of exceptions is allowed and signed by the referee preserving the evidence, this court cannot on appeal consider any question affecting the sufficiency of the evidence to support the findings of the referee. *Render v. Hocker,* 26 Okla. 242, 108 Pac. 1105; *Pettis et al. v. McLain et al.,* 21 Okla. 521, 98 Pac. 927; *Campbell et al. v. Sherman,* 20 Okla. 185, 95 Pac. 238; *Wichita Mining & Imp. Co. v. Hale,* 20 Okla. 159, 94 Pac. 530.

It will not be necessary to set out in full in this opinion the exact language of the referee in his findings of fact. A statement of the substance thereof will be sufficient. A copy of

the contract which forms the basis of this action is attached to plaintiffs' petition as an exhibit, and by the answer of defendants the execution of the contract is admitted, and that the copy thereof attached as an exhibit to the petition is true and correct. That contract was entered into between plaintiffs and defendants on the 16th day of January, 1909, and by it defendants contracted to sell and convey to plaintiffs, who are real estate brokers, or to any other person whom they might designate, two certain oil and gas mining leases mentioned and described in the contract for a consideration of $15,000 upon an estimate by them that the four wells then existing upon the leases would produce a daily average of 75 barrels of oil. But it is also agreed that, if plaintiffs desire to take a gauge of the wells, they may do so and purchase or sell said leases for a consideration to the defendants of $200 per barrel for the average daily production that a gauge of ten days of the wells may show. All the parties have treated the contract as one granting to plaintiffs an option to. buy the property within the time specified in the contract, or as employing them to sell the property within said time upon the terms specified in the contract. The period of time during which plaintiffs had an option to purchase or sell said property was twenty-two days from the date of the contract. If a sale was made within that time, they were to receive as commission five per cent. in cash on the full amount of the purchase price. On the last day of the period provided for in the contract, plaintiffs submitted two propositions of sale to defendants, one of which was accepted; but later defendants refused to carry out their agreement to sell, and plaintiffs filed this suit to recover their commission.

The provision of the contract relative to taking the gauge of the wells is as follows:

"It is agreed and understood that said two parties (plaintiffs) shall have the privilege of entering upon the above described leases at any time before the expiration of this contract for the purpose of taking a gauge and not to exceed ten days of four wells now on said property to determine the average amount of daily production thereof."

The exact language of the contract relative to the purchase price being determined by a gauge of the wells taken under the foregoing provision is as follows:

"In the event the four wells above mentioned should fail to produce seventy-five barrels per day for ten days during gauge as hereinbefore set forth, then the said parties of the first part agreed to sell the above described leases at a price based upon $200 per barrel for average daily production as shown during gauge."

No gauge of the wells was taken by plaintiffs during the term of the contract. On the last day of the period of the contract, plaintiffs found a buyer for the property who offered to purchase at a flat purchase price of $12,000, or at a purchase price equal to $200 per barrel for the average daily production under a gauge to be taken a sprovided in the contract. Plaintiffs informed defendants on the last day of the contract that they had a purchaser upon the foregoing terms, and defendants, as found by the court, agreed to accept the proposition for a sale at $200 per barrel, and said property was contracted by plaintiffs to the proposed purchasers at $200 per barrel. No gauge of the wells was taken by plaintiffs within the period of the contract. The referee, however, found as a conclusion of law "that, as a matter of law by agreeing to a sale of the property at $200 per barrel during the second option contract and on the last day of the option contract, defendants waived any right they might have had to require plaintiffs to take the gauge of the property during the life of said contract."

The foregoing conclusion of law by the referee, approved by the trial court, constitutes one of the propositions urged by defendants on this appeal for reversal. The language of the contract relative to when the ten days' gauge should be taken, whether the same must be completed before the expiration of the contract or might be begun during the period of the contract and completed afterwards, is ambiguous; but, if we assume as the trial court did that it requires the gauge to be taken before the expiration of the contract, we think the trial court com-

mitted no error in holding that this condition of the contract was waived by defendants.

Plaintiffs on the last day of the contract presented two offers of purchase to defendants; one at a reduced flat price from that authorized in the contract, and the other in accordance with the provisions of the contract except that the gauge would have to be taken after the expiration of the contract, or at least taken in part after the expiration of the contract. Defendants, with knowledge that the second proposition was not in strict compliance with the contract, elected to accept it and did so; whereupon plaintiffs closed the contract with the proposed purchasers to sell to them under the second proposition, but within three days thereafter defendants, without assigning any reason as far as the finding of the referee shows, refused to complete the sale, and no gauge was ever taken. Defendants accepted the services performed by plaintiffs as a full compliance with the contract. If the contract in fact required that a gauge of ten days be taken before the expiration of the contract, then defendants would have been within their rights to have refused both propositions of sale submitted by plaintiffs, and would have been liable for no commissions for plaintiff's services; but they did not do this before the expiration of the time within which plaintiffs could have yet purchased the property at the flat price stipulated in the contract, and which they might have done rather than to have suffered the contract to result in an entire loss of the consideration paid therefor, or they might have procured some purchaser at the flat price stipulated in the contract. Defendants foreclosed them of this opportunity by accepting the offers of the proposed purchasers. Having accepted the acts of plaintiffs as a compliance with the contract, they cannot thereafter by refusal to carry out the contract on their part defeat plaintiffs of their right to compensation for their services. *Crowley Co. v. Myers,* 69 N. J. Law, 245, 55 Atl. 305; *Giles v. Swift,* 170 Mass. 461, 49 N. E. 737; *Ullmann v. Land,* 37 Tex. Civ. App. 422, 84 S. W. 294; *Stewart v. Fowler,* 53 Kan. 537, 36 Pac. 1002.

It is a well-settled principle of law that, where a broker has performed his undertaking and procured a purchaser ready, willing and able to purchase at the price and upon the terms stipulated for by the owner, the broker is entitled to his commission and cannot be deprived thereof by the fact that the employer fails and refuses to consummate the transaction. There is no contention in this case that the proposed purchasers obtained by plaintiffs were not able, ready, and willing to carry out their part of the contract. The trial court did not therefore err in refusing to render, upon the referee's finding, judgment for defendants.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

TURNER, C. J., and WILLIAMS, KANE, and DUNN, JJ., concur.