## BORDER v. DEARMON.

No. 5653. Opinion Filed September 28, 1915.

(151 Pac. 1183.)

**APPEAL AND ERROR—Review—Findings of Fact—Presumption.**
Where the findings of fact of a referee are in the main based upon the issues joined by the pleadings, it must be presumed by the court, in the absence of the evidence from the record, that there was sufficient testimony introduced at the trial to warrant the findings.

(Syllabus by Robberts, C.)

*Error from County Court, Greer County;*
*H. M. Thacker, Judge.*

Action by G. F. Border against M. M. Dearmon. Judgment for defendant, and plaintiff brings error. Affirmed.

*W. W. Griffin* and *S. B. Garrett,* for plaintiff in error.

*T. P. Clay* and *J. L. Carpenter,* for defendant in error.

Opinion by ROBBERTS, C. This case comes from the county court of Greer county.. The action was commenced in the lower court by the plaintiff against the defendant to recover for money had and received. The defendant answered by cross-petition, setting up a long itemized account against the plaintiff, running through a number of years. Plaintiff replied by general denial. It appearing to the court that the case involved the trial

of issues of facts requiring the examination of mutual accounts, including books of account, and that the taking of an account between the parties would be necessary for the information of the court before. judgment, and that it was a proper case for the appointment of a referee, said case was, by the court, referred to a referee, with direction to hear the case, and report his findings of facts and conclusions of law therein. After taking the evidence and hearing the case, the referee filed his report, in which he found the facts against the plaintiff under the allegations of his petition, and also against the defendant upon his cross-petition, and therefore concluded as a matter of law that neither of said parties was indebted to the other upon the issues presented, and recommended that said case be dismissed with prejudice, and that all the costs of the case be taxed to the plaintiff. Exceptions to the report were duly filed by the plaintiff and returned by the referee, and a motion for a new trial filed and overruled, to all of which plaintiff duly excepted. Thereafter the report of the referee was confirmed by the court and judgment rendered thereon that plaintiff take nothing by reason. of his action against the defendant, and that defendant take nothing by reason of his cross-petition against the plaintiff, and that defendant recover judgment against the plaintiff for costs, including $35 referee's fees, to be taxed as costs. From this judgment plaintiff brings error.

The only question involved herein is whether the findings of fact by the referee, and the judgment of the court thereon, are sustained by the evidence. While the evidence is not returned by the referee, we conclude from his report and return of his findings that the report and judgment are fully sustained by the evidence. Neither

party has filed briefs, and plaintiff in error is in default thereof for more than forty days.

"Where the findings of fact of a referee are in the main based upon the issues joined by the pleadings, it must be presumed by this court, in the absence of the evidence from the record, that there was sufficient testimony introduced at the trial to warrant the findings." (*Wichita Mining & Imp. Co. v. Hale,* 20 Okla. 159, 94 Pac. 530; *Campbell v. Sherman,* 20 Okla. 185, 95 Pac. 238; *Pettis v. McLean,* 21 Okla. 521, 98 Pac. 927.)

The case should be affirmed.

By the Court: It is so ordered.