## JACOBS v. O'DONNELL.

No. 22605.　Jan. 29, 1935.

Rehearing Denied June 11, 1935.

Ellis A. Robinson and Quincy Jones, for plaintiff in error.

Hagan & Gavin, for defendant in error.

PHELPS, J. Defendant in error, who was plaintiff below, filed his petition in the district court of Tulsa county, alleging that the plaintiff and defendant were engaged in the partnership business of buying and selling paints, that according to an oral agreement between them, plaintiff and his wife contributed their time and services to the business, and that the defendant furnished the money and credit upon which the partnership business was conducted, and that the partnership business continued from August, 1922, to November 15, 1924; that, according to the oral agreement, plaintiff should receive a salary of $30 per week, that all moneys derived from the operation of the business were turned over to the defendant, and that from time to time a statement of the partnership business should be prepared, and that, after subtracting the cost of operation of the business, the balance would be divided equally between the plaintiff and defendant.

He further alleged that defendant had received from the partnership business the sum of $5,000 over and above his portion of the copartnership profits.

He prays for a dissolution of the partnership and for an accounting.

The plaintiff in error, who was defendant below, filed his verified answer, in which he denied the existence of a partnership and alleged that plaintiff and plaintiff's wife were employees of defendant in a business belonging to the defendant.

With the issues thus joined, the cause was tried to a jury upon the sole question of fact as to whether a partnership existed between plaintiff and defendant. The jury found in favor of plaintiff, and upon their finding and verdict the court rendered its judgment, finding the existence of a partnership, decreeing a dissolution thereof, and ordering an accounting.

To accomplish this a referee was appointed who was authorized to take testimony and determine what balance, if any, was due plaintiff from the partnership funds. The referee heard the evidence presented by both parties and, with the assistance of an accountant, reached his findings and conclusions and made his report to the court. In his report he found that the net profits of the partnership during its existence was $9,262.07 and concluded as a matter of law that the plaintiff was entitled to judgment against the defendant in the sum of $4,631.03 together with the cost of the action.

The court approved the referee's report and rendered judgment for the plaintiff, to reverse which this appeal is prosecuted.

The plaintiff in error presents six grounds for reversal, in all of which he complains of the finding of fact or conclusions of law of the referee. Examination of the records show that the questions raised involved the sufficiency of the evidence introduced before the referee. We also find that no bill of exceptions was allowed and signed by

the referee preserving all the evidence, and this court has held, and it seems to be a well-settled rule of law in this jurisdiction, that under the present state of the record in this case the appellate court cannot consider the question of the sufficiency of the evidence. In Wichita Mining & Improvement Co. v. Hale, 20 Okla. 159, 94 P. 530, in the first and second paragraphs of the syllabus, this court used the following language:

"Where the findings of fact of a referee are in the main based upon the issues joined by the pleadings, it must be presumed by this court, in the absence of the evidence from the record, that there was a sufficient testimony introduced at the trial to warrant the findings.

"Where a cause is referred to a referee to find and report the facts and conclusions of law to the court, and no bill of exceptions is allowed and signed by the referee, preserving the evidence, the court cannot consider the question of the sufficiency of the evidence to support the findings of the referee."

Also, in Campbell v. Sherman, 20 Okla. 185, 95 P. 238, the same question was before this court and in the first and second paragraphs of the syllabus this court said:

"Where a cause is referred to a referee to find and report the facts and conclusions of the law to the court, and no bill of exceptions is allowed and signed by the referee preserving the evidence, this court cannot consider the question of sufficiency of the evidence to support the findings of the referee.

"Where the findings of a referee are substantially predicated upon the issues joined by the pleadings, it must be presumed by this court, in the absence of the evidence from the record, that there was sufficient testimony introduced at the trial to warrant the findings."

Also, in Render v. Hocker, 26 Okla. 242, 108 P. 1105, the same question was considered by this court and disposed of in the syllabus, reading as follows:

"Where a cause is referred to a referee, to find and report the facts and conclusions of law to the court, and no bill of exceptions is allowed and signed by the referee, preserving all the evidence, this court cannot consider the question of the sufficiency of the evidence to support the findings of the referee."

Also, in the body of the opinion, the court used this language:

"It is true there is incorporated in the record what purports to be a bill of exceptions allowed by the referee, but it does not contain all the evidence. The certificate of the referee thereto states that it 'contains all the evidence introduced on the hearing of said cause, with the exception of the books of the bank, which are referred to in said record and made a part of said record, and also Exhibit A attached to defendant's third amended answer, which was introduced in evidence and made a part of said record.' This is not sufficient. All the evidence must be preserved. The foregoing cases, tried before the Supreme Court of the state, follow a long line of decisions by the Supreme Court of the territory of Oklahoma; so this question of practice has long since ceased to be an open one."

Plaintiff in error complains that he did not have an opportunity to make his objection and prepare and have signed a bill of exceptions before the referee's report was filed. It appears that when the referee completed his report and was ready to file it, he transmitted a copy thereof to attorneys for plaintiff in error, but it was not received by them until the following day. Even if there is no statutory provision specifically requiring it, it is better practice for a referee to furnish the parties a copy of his report prior to the filing thereof. Iralson v. Strang, 18 Okla. 423, 90 P. 446; Clark v. Bank of Hennessey, 14 Okla. 572, 79 P. 217; DeLong v. Stahl, 13 Kan. 558.

In the instant case, however, plaintiff in error filed his exceptions to the referee's report with the court. He also filed his motion for new trial, and it was evidently the conclusion of the trial court that no injustice had been done plaintiff in error, in which event, the trial court could have moved to have the case re referred for the purpose of enabling him to file his bill of exceptions.

Therefore, taking this record as a whole, we feel that substantial justice has been done, and the judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. BUSBY, J., absent.