Bolster, C. J.
This is an action of contract in which the plaintiff seeks to recover damages from the defendant for breach of an agreement to lease an apartment of the plaintiff’s. The defendant’s answer was a general denial and the Statute of Frauds.
It was agreed that on or about October 19, 1934, the defendant was shown suite !#506 in the plaintiff’s apartment house at 992 Memorial Drive, Cambridge, and at that time he signed the following rental application:—
*133 Telephone University 2198 Management of property
STRATHCONA REALTY TRUST Real Estate — Mortgages 992-3 Memorial Drive,
Cambridge, Mass.
Rental Application Name (in full): 'Sumner Stow.
Address, Home: 53 Cedar Road, Belmont 192.
Business: 61 Bedford Street, Boston c/o Cluett Peabody & C'o.
Telephone (Home): Bel. 1548. (Business): Han. 4340. Agrees to hire (House
(Suite Suite 506.
from Nov. 1st to Nov. lst-1935 @ $85.00 per month, payable monthly in advance, and agrees to sign, as' soon as presented the usual form of lease of the Stratheona Realty Trust.
Family consists of: 1 son Robert M. Stow.
Present Landlord
Address: 53 Cedar Road, Belmont.
References (two financial and one social)
First National Bank at (Summer St. Branch — Mr. Smith)
M at
M at
Repairs to be made by Lessor: — >
Sales Manager N. E.
Cluett Peabody & Co. Inc.
61 Bedford Street, Boston.
Deposit $ (to be refunded only if this application
is declined by the owner or his agent).
This offer is irrevocable if accepted by the Strathcona Realty Trust, or agent.
(Applicant’s Signature) Stcovineb Stow.
There was evidence that the plaintiff wrote to the defendant on October 22,1934 accepting his application and enclosing the leases in duplicate for the suite; that on October 23, 1934, the defendant wrote to the plaintiff that he was not interested in the suite; that on October 27, 1934 the *134 plaintiff wrote to the defendant, among other things, that she intended to hold him to his agreement to rent suite #506 at a rental of $85.00 per month from November 1, 1934 to November 1, 1935. It does not appear that the defendant answered this latter letter.
. The trial judge made no reference to several requests for rulings of law filed by the plaintiff, found for the defendant and made the following ruling: ‘ ‘ The Court rules the memorandum upon which the plaintiff seeks to charge the defendant is not sufficient to satisfy the Statute of Frauds.”
The plaintiff claims to be aggrieved by the ruling and refusal to rule as requested.
An agreement to give or enter into a lease of real estate is within the Statute of Frauds and no action can be maintained in the absence of a written agreement or contract or a sufficient memorandum thereof. Freeland v. Ritz, 154 Mass. 257. Harrell v. Sonnabend, 191 Mass. 310.
The judge’s ruling excludes all issues of fact. cf. Schmoll Fils & Co. Inc. v. Wheeler, 242 Mass. 464, 469. The judge has not pointed out what he deemed the fatal defect or defects.
Such a memorandum must show who are the contracting parties. We think the offeree is sufficiently named, although not personally named. The evidence warranted a finding that, at law, this plaintiff is the Strathcona Realty Trust. McGovern v. Hern, 153 Mass. 309. cf. Sanborn v. Flagler, 9 Allen, 474, 478.
The defendant argues that the description “Suite 506” is insufficient. We think it sufficient, in the light of the evidence that a suite so numbered in the plaintiff’s building corresponding to the heading on the application was shown the defendant, and that when the plaintiff wrote her letter of October 22, in which the premises are described as being *135 part of the building numbered 992 Memorial Drive, the defendant answered by what amounts to an admission that the suite shown him was the one described in the plaintiff’s letter. Hurley v. Brown, 98 Mass. 545. Mead v. Parker, 115 Mass. 413. Giles v. Swift, 170 Mass. 461. Danforth v. Chandler, 237 Mass. 518.
The only other question is whether the term to be created was sufficiently shown, for this is not a case in which the parties intended no contract to arise except by the execution of leases, as for example in Doten v. Chase, 237 Mass. 218.
The fact that the agreement is undated is not fatal. The date of execution can be shown by oral evidence. The date of expiration is fixed by the writing as November 1, 1935. If it had said November 1,1936, the writing would not show whether the term was to begin November 1, 1934 or November 1, 1935. But the only way that any uncertainty can arise upon this writing, calling for monthly rental payments for some year or years, from the first day of some month of November until November 1, 1935 is upon the theory that a prospective tenant, one not in occupancy but signing an application to become a tenant, meant to bind himself for rent for a year or years already expired.
A majority of the court are of the opinion that the only sensible way to read this writing is “from November 1st next ensuing to November 1st, 1935. So read, the term is fixed. We must construe the writing, not in vacue, but in the light of the situation and the relation of the parties. Atwood v. Cobb, 16 Pick 227.
New trial ordered.