The county court of Harmon county, Okla., in the matter of a final accounting by L.F. Martin, as guardian of the estate of Glenn Brewer, adjudged Martin to be indebted to his ward in the sum of $687.85. Brewer, who had previously attained legal majority, appealed from the adjudicatin to the district court of Harmon county. The district court, after bearing had, rendered a judgment against the guardian which subsequently, on the guardian's motion, was vacated and a new trial granted. Thereafter the matter was referred to a referee for trial, with directions to report his findings of fact and conclusions of law. The refree after hearing testimony, made and filed his report and therein recommended that judgment be rendered against the guardian in the amount of $992.45. The guardian thereupon moved *Page 219 
for the court to set aside the referee's report, which motion said court refused to sustain. And said court then proceeded to render judgment confirming and approving the referee's report and rendered judgment against the guardian and in favor of the ward as recommended by the referee. The guardian, Martin, brings the case here on petition in error with case-made attached.
The guardian complains that the trial court erred in adopting the referee's report. In Sequoyah Oil Refining Co. v. Sunday,101 Okla. 44, 223 P. 665, we held that:
"Where the motion for new trial filed fails to assign as error the order of the court approving the referee's report, alleged error predicated upon order approving such report cannot be reviewed on appeal."
From our examination of the record before us, we find that no motion for new trial was ever filed or presented to the trial court assigning as error the order of the court approving the referee's report; and hence the aforementioned assignment of error will not be reviewed.
The guardian also complains that "the findings of fact and conclusions of law are not supported by the evidence or the law." From our examination of the case-made, it appears that all the evidence introduced before the referee is, in fact, incorporated into the case-made, yet it is also a fact that it is no part of the record and cannot be considered. Iralson v. Stang, 8 Okla. 423, 90 P. 446; Jacobs v. O'Donnell,172 Okla. 520, 45 P.2d 710. The order of reference contained no direction to the referee to return the evidence adduced beforo him; and no bill of exceptions was signed or allowed by the referee preserving the evidence. In the Iralson Case, supra, it was said:
"The judge of the court who settles and authenticates a case-made has no means of knowing what evidence has been introduced before a referee or what objections have been made or exceptions saved; hence no one has any authority to authenticate the evidence and make it a part of the record, except the referee who tried the case. Incorporating it into the case without it having been first brought into the record in some proper manner will not make it available on appeal.
"The practice in such matters under Codes, from which ours was adopted or copied, is well settled. The party desiring to have the evidence taken before a referee reviewed for any purpose, or any of the proceedings befor the referee prior to filing his final report with the court, must within proper time prepare a bill of exceptions embracing so much of the evidence and such parts of the proceedings as he desires made a part of the record, and present the same to the referee for allowance and signing before he files his report with the court. If this is not done, the court will not go behind the report of the referee. A motion for new trial will only present to the court the errors committed by the referee during the proceedings had before him the same as those before the court in cases of trials by jury, and will not present such questions unless the matters complained of are preserved by bill of exceptions signed by the referee and filed with the court as part of the record."
In the Jacobs Case, supra, we held:
"Where a cause is referred to a referee to find and report the facts and conclusions of law to the court, and the order of reference does not direct the referee to return the evidence adduced before him, and no bill of exceptions is allowed and signed by the referee preserving the evidence, this court cannot consider the question of the sufficiency of the evidence to support the findings of the referee."
There being no reversible or available error pointed out, we must affirm the judgment of the district court.
Judgment affirmed.
RILECY, CORN, GIBSON, and HURST, JJ., concur.