SCHOOL DISTRICT No. 112 OF GARFIELD COUNTY, OKLAHOMA TERRITORY, v. A. B. GOODPASTURE, HARRY BAKER AND AUGUST JEFFREY.

(Filed September 10, 1903.)

INJUNCTION—Who Entitled to. An injunction will not be granted when the right to maintain the action is put in issue, unless the petitioners clearly show that they are legally authorized to prosecute the action and are entitled to the relief prayed.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*Rush & Steen,* for plaintiff in error.

*James & Wilson,* for defendants in error.

Opinion of the court by

BURWELL, J.: The annual school meeting of the above named district was held on the day provided by law. The director and clerk were not present, and the voters elected a chairman and clerk for the meeting, and, after organizing the meeting, the voters elected the defendant, Harry Baker, director, and the defendant, August Jeffrey, clerk. The meeting then adjourned from July 8th, 1902, to July 12th, for the transaction of other business. At the adjourned meeting the electors voted to remove the school house to another site. Baker and Jeffrey, on the day of their election, took the oath of office, as provided by law, and have ever since been acting as director and clerk of said district. After the annual meeting had adjourned on July 8th, the old director and clerk, who came into the school house during the meeting, proceeded to hold another election, and it is claimed that at such election W. M. Dillon was elected director, and Charles H. Buzzard was elected clerk, and they, pretending to act as the school board of the district, bring this action to enjoin Baker and Jeffrey from removing the school house from the place where it was then located to the site to which it had been voted at the annual meeting; and the petition also alleges that A. B. Goodpasture claims some interest in the real estate on which the school house is located, and prays that the title be quieted in the school board.

In the absence of the district judge, the probate judge granted a temporary injunction, which on motion was dissolved by the district judge; and from this order the plaintiffs appeal. The judgment of the trial judge was correct. The persons who commenced this action were not authorized so

to do by the voters of the district, as provided by law, and the functions of the offices of director and clerk were being performed by Baker and Jeffrey; and while in an action of this kind, under the circumstances as disclosed by the record, the trial judge would not try the respective rights of the parties to the offices of director and clerk, still it is evident that Baker and Jeffrey were duly elected, and that they were simply carrying out the directions and wishes of the district.

The judgment of the trial judge is hereby affirmed, at the cost of appellant.

Beauchamp, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.