ELIZA W. LIGHT AND LUCY A. LIGHT, PLAINTIFFS IN ERROR, v. LIVIA E. KENNARD, DEFENDANT IN ERROR.

**Bill of Exceptions.** A referee has authority and it is his duty to sign any true exceptions taken to any order or decision made by him in the case. A bill containing such exceptions should be signed by the referee, and not by the judge.

MOTION to quash bill of exceptions.

*L. C. Burr* and *J. R. Webster*, for the motion.

*Galey & Abbott*, contra.

MAXWELL, CH. J.

An action was brought in the district court of Lancaster county by the defendant in error against Eliza W. Light and Lucy A. Light. The case was referred to R. D. Stearns, as referee, to report upon the whole issue. The referee made his report and signed a bill of exceptions. The report was confirmed by the district court, to which the plaintiffs in error excepted, and now bring the cause into this court by petition in error. The defendant in error now moves to quash the bill of exceptions, because the same was not signed by the judge of the district court.

Light v. Kennard.

Has a referee authority to sign a bill of exceptions in a case tried before him? Section 300 of the code provides that " the trial before referees is conducted in the same manner as a trial by the court. They have the same power to summon and enforce the attendance of witnesses, to administer all necessary oaths in the trial of the case, and to grant adjournments as the court upon such trial. They must state the facts found and the conclusions of law separately, and their decision must be given, and may be excepted to and reviewed in like manner. The report of the referees upon the whole issue stands as a decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court." [Gen. Stat., 576.]

Section 303 provides that it shall be the duty of the referees to sign any true exceptions taken to any order or decision by them made in the case, and return the same with their report to the court making the reference. *Id.*

As a trial before a referee is conducted in the same manner as a trial before the court, exceptions taken to any order or decision made by him may be excepted to, and the bill signed by the referee. He is the proper party to certify to such exceptions as may have been taken during the progress of the trial. The court cannot know whether or not the exceptions stated in the bill were taken as therein stated, and as a consequence could not certify the same. The report of the referee may be reviewed on the exceptions taken during the trial, as well as those to his finding and conclusions of law. It follows that the motion to quash the bill of exceptions must be overruled.

JUDGMENT ACCORDINGLY.