JAMES TURNER, PLAINTIFF IN ERROR, v. JOSEPH TURNER, DEFENDANT IN ERROR.

1. **Bill of Exceptions.** A referee has authority to sign a bill of exceptions which may ·contain all the evidence taken by him, but to be available where objection is made that the finding is not supported by the evidence, his certificate must show that the bill contains all the evidence.

2. ——. Such bill of exceptions is not to be signed by the judge, and is not subject to the provisions of section 311 of the code, for settling bills of exceptions. '

ERROR to the district court for Nuckolls county.

*H. W. Short & R. Wyant,* for plaintiff in error.

*D. W. Barker,* for defendant in error.

MAXWELL, CH. J.

This is an action for an account. In the year 1880 the defendant filed a petition against the plaintiff in the district court of Nuckolls county, to recover the sum of $2,273.62 with interest, and costs. An itemized copy of the account is set out as an exhibit and made a part of the petition. The plaintiff in error, (defendant in the court below), in his answer denies the facts stated in the petition, and pleads a counter claim against the plaintiff for the sum of $3,586.85. The case was referred by con-·sent to J. P. Hammond, clerk of the district court, to

11

take the testimony and find the facts. The plaintiff submitted thirty-six questions to the referee for special findings, and the findings thereon seem to be satisfactory. The referee also found that there was due from the plaintiff herein to the defendant a balance amounting to $697.02. The plaintiff herein moved to set aside this report, and assigned fourteen grounds of objection, nearly all of which are that certain findings are not sustained by the evidence. There is no bill of exceptions and nothing before us from which we can determine whether the report is sustained by the evidence or not. There is a large amount of testimony which purports to have been taken by the referee, and at the close of the same is the following: "The foregoing evidence was taken by referee J. P. Hammond."

Sec. 303 of the code provides that: "It shall be the duty of the referees to sign any true exceptions taken to any order or decision by them made in the case, and return the same with their report to the court making the reference." A referee is here given authority to sign a bill of exceptions, and this bill may contain all the evidence, and must do so if necessary to determine the questions raised. Such a bill of exceptions is not required to be signed by the judge, but by the referee alone, and is not subject to the provisions of section 311 of the code, for settling bills of exceptions.

In the case at bar there is nothing before the court showing that what purports to be a bill of exceptions contains all evidence, and therefore it is impossible for us to review the findings. The evidence in the record, however, fully sustains the judgment, and if it is all the evidence in the case, substantial justice has been done. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.