| 30 | 651 |
| 35 | 393 |
| 30 | 651 |
| 42 | 654 |
| 30 | 651 |
| 52 | 311 |

STATE, EX REL. J. H. DUNTERMAN, V. WILLIAM GASLIN.

[FILED OCTOBER 28, 1890.]

Referee: SHOULD SIGN BILL OF EXCEPTIONS. In a case tried before a referee, it is his duty to sign any true exceptions taken to any order or decision made by him in the case. Such bill of exceptions is not to be signed by the judge. (*Light v. Kennard*, 10 Neb., 330; *Turner v. Turner*, 12 Id., 161.)

ORIGINAL application for *mandamus*.

*Bowen & Hoeppner*, for relator.

*Capps, McCreary & Stevens, contra.*

NORVAL, J.

This is an application for a writ of *mandamus* to compel the respondent, as judge of the eighth judicial district, to sign a bill of exceptions in a cause tried in the district court of Adams county before a referee.

It appears from the record before us that on the 20th day of May, 1889, there was pending in the district court of Adams county the case of *Joseph Story v. John H. Dunterman,* and on said date, by the agreement of the parties, the court appointed W. L. Marshall, Esq., sole referee to take the testimony in said cause and report his findings of facts and conclusions of law thereon. The cause was tried before said referee, who, on the 25th day of November, 1889, reported to said court his findings of law and fact. Exceptions to the report of the referee were filed, and on November 30, 1889, the same were by the court overruled and judgment was rendered in favor of said Joseph Story, and against the relator for $621.36.

The relator's motion for a new trial was, on the last named date, overruled, an exception was taken to the ruling of the court thereon, and forty days were given to settle a bill of exceptions. The November, 1889, term of the district court adjourned *sine die* on the 28th day of December, 1889. On the 16th day of January, 1890, the relator presented to the attorneys of said Joseph Story his proposed bill of exceptions, containing all of the testimony taken on the trial before the referee, and said attorneys refused to accept for examination said draft of the bill of exceptions, and declined to state the reason or grounds for such refusal. On the 17th day of January, 1890, the relator served notice upon Joseph Story that he would present said proposed bill of exceptions on January 23, 1890, to said referee for allowance. The proposed bill was on

that day presented to the referee for settlement, who refused to sign the same on the ground that it was not presented within proper time.

The relator on the 29th day of January, 1890, applied to the respondent for a peremptory writ of *mandamus* to compel the referee to sign, settle, and allow said bill, which application was denied. On the 1st day of March, 1890, the relator presented the proposed bill of exceptions to the respondent for settlement and allowance, who refused to sign the same.

The sole question presented for our consideration is, Has a judge of the district court any power or authority to settle and allow a bill of exceptions in a cause tried before a referee? Section 303 of the Code provides that "it shall be the duty of the referee to sign any true exceptions taken to any order or decision by them made in the case, and return the same with their report to the court making the reference." This section confers ample authority upon a referee to sign a bill of exceptions. It makes it his duty to sign any true bill. There is no law or statute in this state making it the duty of the judge making the reference to settle a bill of exceptions in a cause tried before a referee. The judge cannot know what exceptions were taken to the rulings made by the referee, or what testimony was introduced on the trial.

Section 311 of the Code does not govern the settlement of the bill of exceptions in cases tried before a referee, either as to the person who shall sign the same or the time in which it shall be allowed.

A similar question to that involved in this action arose in the case of *Light v. Kennard*, 10 Neb., 330. In that case the referee signed a bill of exceptions and returned the same with his report to the district court making the reference. The report was confirmed and the cause was brought to this court on error. The defendant in error moved to quash the bill of exceptions on the ground that

the same was not signed by the district judge.     This court held that the bill should be signed by the referee and not by the judge.     The question was again before the court in *Turner v. Turner*, 12 Neb., 161, in which it was held that in a case tried before a referee, the bill of exceptions is not to be signed by the judge of the district court but by the referee.     The writ therefore must be

DENIED.

THE other judges concur.