## ROBERT GUTHRIE ET AL. V. GEORGE BROWN.

FILED NOVEMBER 8, 1894.   No. 5106.

1. Bill of Exceptions: ALLOWANCE BY CLERK. In order to authorize the clerk of the district court to settle a bill of exceptions it must appear that the conditions exist whereunder section 311 of the Code of Civil Procedure permits the clerk to exercise such authority. Therefore, although the parties may have agreed in advance of the preparation of the bill that the clerk might settle the same, he is not authorized to do so when the proposed bill, instead of being agreed upon, is returned with proposed amendments and those are not complied with.

2. Trial: GENERAL FINDING: PLEADING. When a defendant answers denying the allegations upon which plaintiff's claim is founded and at the same time pleading a counter-claim a general finding for the plaintiff is sufficient to dispose of the issues, both on the petition and on the counter-claim.

3. Costs: MECHANICS' LIENS: PERSONAL JUDGMENT. An action was brought to foreclose a mechanic's lien. There was a general finding for the plaintiff for a sum less than $200. A personal judgment was entered, but no decree establishing and foreclosing the lien. Held, That the general finding established the right to a lien and determined that the action was not one within the jurisdiction of a justice of the peace, and entitled the plaintiff to recover his costs. The fact that the court failed to enter judgment in accordance with the finding did not render a judgment for costs erroneous.

ERROR from the district court of Nuckolls county. Tried below before MORRIS, J.

*W. F. Buck*, for plaintiffs in error:

The findings were erroneous in allowing the plaintiff below to recover costs. The amount sued for was within the jurisdiction of a justice of the peace. (*Ray v. Mason,* 6 Neb., 101; *Geere v. Sweet,* 2 Neb., 75; *Beach v. Cramer,* 5 Neb., 99; *Moore v. Darrow,* 11 Neb., 462; *Wilde v. Boldt,* 16 Neb., 539; *Goodman v. Pence,* 21 Neb., 459.)

*S. A. Searle* and *H. W. Short*, also for plaintiffs in error.

*Edwin J. Murfin, contra*, on the question of costs, cited: *Myer v. Gleisner*, 7 Wis., 55\*; *Albers v. Eilers*, 18 Mo., 279; *Williamson v. Hendricks*, 10 Abb. Pr. [N. Y.], 98; *Lumbard v. Syracuse, B. & N. Y. R. Co.*, 62 N. Y., 290; *Dunning v. Clark*, 2 E. D. Smith [N. Y.], 535; *Huxford v. Bogardus*, 40 How. Pr. [N. Y.], 94.

*C. J. McGrew*, also for defendant in error.

IRVINE, C.

Brown brought an action in the district court of Nuckolls county to foreclose a mortgage on land alleged to belong to the Guthries. The Guthries filed answers presenting issues of fact, and Robert Guthrie, in addition thereto, interposed a counter-claim. An order was made referring the case to C. L. Trevitt "to take and report the proofs." Thereafter the referee's report was filed, and then it appears there was a trial to the court, a general finding for the plaintiff, and a personal judgment for the plaintiff for $198.60 and costs, but there was no decree foreclosing the mechanic's lien. The defendants seek to reverse this judgment principally because of errors alleged to have occurred on the trial, and questions relating to the sufficiency of the evidence. These questions we cannot consider. From what purports to be the bill of exceptions in the case it would seem that after the referee's report was filed the case came on for trial to the court and the parties offered in evidence the referee's report, upon which the court determined the case. If the parties agree upon that method of trial, it is probable that the proceedings would not be disturbed on that account, but such procedure was peculiar. Our Code of Procedure, sections 298 to 306, provides for trial by referees of all or any of the issues in actions under certain circumstances. The method of preserving the evi-

dence taken before a referee is by procuring a bill of exceptions to be settled and signed by the referee and not by judge. (*Light v. Kennard,* 10 Neb., 330; *Turner v. Turner,* 12 Neb., 161; *State v. Gaslin,* 30 Neb., 651.) In order to obtain a review by the court of the findings of the referee, exceptions should be taken to his report and a motion for a new trial made as in case of trials of fact to a jury. (*Murray v. School District,* 11 Neb., 438; *Simpson v. Gregg,* 5 Neb., 237.) In this case we have not any bill of exceptions settled by the referee, nor have we any motion for a new trial addressed to the district court. Indeed, the idea seems to have been to have the referee take the evidence only, and it does not appear that his report contained any findings. It seems to have been the theory of the parties to have the referee take the testimony and to offer a transcript thereof in evidence to the district court and rest the case on the court's review of this transcript; but treating this as a procedure which would be sustained if taken by the consent of the parties, still the record is not preserved to us in a manner authorizing us to review the evidence. There appears in the record a stipulation that the original report of the referee shall be embodied in the bill of exceptions, "and that the same shall be settled by the clerk of this [the district] court within the time allowed by law for the court to settle the same." This is not such a stipulation as is required by section 311 of the Code of Civil Procedure in order to authorize the clerk of the court to settle the bill. That stipulation must show that the parties have agreed upon the bill of exceptions which it is proposed that the clerk shall sign. Instead of such an agreement this record shows that the proposed bill of exceptions was returned by counsel for the defendant in error with amendments proposed, to-wit, that the referee's report should be signed and that certain exhibits should be attached to the bill. Instead of the bill of exceptions having been agreed upon it was, therefore, returned with objections, and an in-

spection of what purports to be the bill shows that the proposed amendments were not made.   The certification of the bill by the clerk of the court was, therefore, unauthorized by law.

A few assignments of error arise outside of the evidence. The first is that the judgment was for more than was claimed by the plaintiff in his petition.  ' The amount claimed was $162.50, with interest from November 1, 1887. The findings of the court were entered December 8, 1890. Interest for this period added to the $162.50 claimed would be more than the judgment, so this assignment is not well taken.   Another assignment is that the plaintiff in error's counter-claim was disregarded by the district court. Whether this was so upon the evidence we cannot determine.   The general finding for the plaintiff was sufficient on the record to dispose of the counter-claim.   It was not necessary that there should be a separate finding on that branch of the case.

The only remaining assignment which we can notice is that the court erred in rendering judgment against the defendants for costs, because the amount recovered was within the jurisdiction of a justice of the peace.   The action was to foreclose a mechanic's lien, and, therefore, not within the jurisdiction of a justice of the peace.   The finding was generally for the plaintiff, and that finding entitled the plaintiff to a judgment foreclosing his mechanic's lien. Had such a judgment been rendered, complaint could not be made on the ground urged.   The fact that the court rendered only a personal judgment, and failed to render a judgment foreclosing the lien, does not entitle the plaintiffs in error to complain because the costs were taxed against them.   Had the court found the issues in such a way as· to entitle the plaintiff to a personal judgment only and not a lien, the objection would be well taken, but having found generally for the plaintiff, the failure to enter judgment establishing and foreclosing the lien was error prejudicial

to the plaintiff.    Its commission does not debar plaintiff of
his right to enforce the judgment for costs.

JUDGMENT AFFIRMED.