M. A. DISBROW & COMPANY, APPELLANT, V. C. C.
McNISH, APPELLEE, ET AL.

FILED SEPTEMBER 22, 1897.   No. 7423.

Bill of Exceptions: ALLOWANCE BY REFEREE. In the course of a trial before a referee only the referee has the power to certify as to exceptions; and a bill of exceptions embodying only such matters, if settled and signed by the clerk of the district court alone, is entirely nugatory.

APPEAL from the district court of Cuming county. Heard below before NORRIS, J. *Affirmed.*

*Montgomery & Hall,* for appellant.

*M. McLaughlin* and *A. R. Oleson, contra.*

RYAN, C.

This action was brought in the district court of Cuming county for the foreclosure of a mechanic's lien. The property improved was owned by C. C. McNish. The contract to erect a building was entered into with Albert Miller, a builder and contractor. The amount to be paid was $1,829.97, but there was a failure to furnish all the stipulated articles so that the amount to which Miller was entitled as payment was but $1,762.84. M. A. Disbrow & Co., a corporation, furnished Miller certain necessary lumber of the value of $812.84, and within sixty days perfected its right to a lien. Afterwards, Miller requested from M. A. Disbrow & Co. an itemized statement, showing what had been furnished by M. A. Disbrow & Co., with the view of procuring a settlement with McNish. By reason of an oversight, M. A. Disbrow & Co. omitted some of the items which should have been included, and from this oversight and omission it resulted that the bill as rendered showed a balance due of but $519.65, instead of $812.24, the correct amount. This bill formed a part of the basis of settlement between McNish and Miller. The cause was referred to a referee, who found the above recited facts, and that by reason of the settlement on the basis furnished by M. A. Disbrow & Co. the corporation was estopped to claim the correct amount due it as against McNish. Over the objections of M. A. Disbrow & Co. the report of the referee was confirmed in the district court and accordingly there was a judgment. As very readily appears, this record presents for review no other questions than those of fact.

There was no settlement of a bill of exceptions by the referee. Instead, there was the following stipulation and statement by the clerk of the district court: "The foregoing is all of the testimony given or offered by either

*Disbrow v. McNish.*

party on the trial of the cause, and on application of the plaintiff this bill of exceptions is allowed by me and ordered to be made a part of the records in this case. Dated this 25th day of December, 1893.   Emiel Heller, clerk of the district court of Cuming county."

"It is hereby stipulated and agreed by and between the plaintiff and defendant in the foregoing action that the clerk of the district court of Cuming county may settle and allow the foregoing bill of exceptions as a true bill and make the same a part of the records in this case. J. C. Crawford, attorney for the plaintiff.   M. McLaughlin, attorney for the defendants."

It was held by this court in *Light v. Kennard*, 10 Neb., 330, that the referee is the proper person to certify to such exceptions as may be taken during the trial before a referee and that the court could not certify as to such exceptions.   There was the same holding in *Turner v. Turner*, 12 Neb., 161, and in *State v. Gaslin*, 30 Neb., 651. The provisions of section 311, Code of Civil Procedure, with reference to the power of the clerk of the district court to certify a bill of exceptions, are expressly restricted to acts in that respect in the place of the judge, and not of a referee.   These provisions conclude with the general proposition that when the bill has been settled by the clerk in a proper case instead of being certified by the judge the bill shall "have the same force and effect as though signed by the court."   As was held in the cases above cited, a judge cannot certify as to exceptions taken in the course of a trial before a referee.   The certificate of the clerk was therefore nugatory.   In view of the fact that there is no bill of exceptions to which we can refer to ascertain upon what evidence the referee acted, the decree of the district court in this case is

AFFIRMED.

HARRISON, J., not sitting.