(83 Misc. Rep. 435)

### HEIFERMAN v. GREENHUT CLOAK CO.

(Supreme Court, Appellate Term, First Department.   December 30, 1913.)

1. MASTER AND SERVANT (§ 37*)—CONTRACTS OF EMPLOYMENT—ACTIONS FOR BREACH—DEFENSES.

Where a master breached a contract of employment by wrongfully discharging the servant, his offer to re-employ the servant, while it may be considered in mitigation of damages, does not furnish the master with a complete defense to an action for breach of contract, the servant not being bound to accept employment from his former master in preference to other employers; his sole duty being to accept such employment as is offered by any one.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 108; Dec. Dig. § 37.*]

2. MASTER AND SERVANT (§ 43*)—CONTRACT OF EMPLOYMENT—BREACH—JURY QUESTION.

. In an action for breach of a contract of employment, the question of the master's good faith in offering to re-employ the servant is one of fact for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 71; Dec. Dig. § 43.*]

3. TRIAL (§ 365*)—VERDICT—EFFECT.

A general verdict in favor of plaintiff is a determination against all matters of defense set up by defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 871–874; Dec. Dig. § 365.*]

4. TRIAL (§ 255*)—SUBMISSION OF ISSUES TO JURY—WAIVER.

Where a defendant against whom an adverse verdict was had failed to request the submission of a defense, his failure is a waiver of that right.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

5. MASTER AND SERVANT (§ 37*)—BREACH OF CONTRACT—OFFER OF RE-EMPLOYMENT.

Where a servant was wrongfully discharged and the master offered re-employment, the servant's refusal to accept it unless the master discharged another employé will not bar his right of action for damages, where the refusal was retracted during the course of the negotiations.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 108; Dec. Dig. § 37.*]

6. MASTER AND SERVANT (§ 37*)—CONTRACTS OF EMPLOYMENT—BREACH.

Where a master wrongfully discharged a servant and the servant left the city of his employment and returned to his home, the servant is entitled to insist, as a condition to accepting re-employment and waiving his right of action for the breach, that the master make him whole, by compensating him for lost time and for his traveling expenses.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 108; Dec. Dig. § 37.*]

Appeal from City Court of New York, Special Term.

Action by Frank Heiferman against the Greenhut Cloak Company. There was a judgment for plaintiff, and defendant was granted a new trial (143 N. Y. Supp. 411), and plaintiff appeals. Reversed, and judgment reinstated.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George H. Francœur, of New York City (Charles Tolleris, of New York City, of counsel), for appellant.

Henry B. Singer, of New York City (David L. Podell and Sidney Newborg, both of New York City, of counsel), for respondent.

GUY, J.   Plaintiff, a resident of New York, entered into a contract of employment with defendant for the term of one year from October 15, 1911, to act as superintendent for the defendant in Cleveland, Ohio, at a salary of $7,000 per year, and proceeded to Cleveland, where he entered upon the performance of his duties.   He alleges that in December, 1911, he was wrongfully discharged by the defendant, and claims the balance of the yearly salary, less the sum of $4,873, admitted to have been earned by him subsequent to the alleged discharge.   Defendant denies the wrongful discharge, and sets up an offer of re-employment on the same terms as the original contract, alleged to have been made by the defendant to plaintiff about one week subsequent to the alleged discharge, claiming that by such refusal of re-employment plaintiff waived all right to more than nominal damages.   The jury found on amply sufficient evidence that defendant did wrongfully discharge the plaintiff, and, after deducting the amount admitted to have been earned by plaintiff, rendered a verdict for the balance of the yearly salary.

[1-4]   In the charge to the jury the trial justice made no reference to the alleged offer of re-employment, nor did defendant's counsel ask to go to the jury on that issue.   The trial justice, however, in the elaborate and very extended opinion filed with the decision granting the motion for a new trial, has stated, in substance, that the motion was granted on the ground that it was plaintiff's duty to accept the offer of re-employment, and that in refusing so to do he deprived himself of the right to recover damages for the alleged breach of contract.   In this the learned court erred.   While the mere offer by the employer to re-employ, after wrongful discharge, may be considered in mitigation of damages, it does not, regardless of the circumstances and conditions existing at the time between employer and employé, furnish the employer with a complete defense to an action for damages for breach of contract.   A wrongfully discharged employé is not bound to accept employment from his former employer in preference to other employers.   His sole duty is, in mitigation of damages, to accept such employment as is offered him by any one, even including his former employer who has already broken one contract, where the terms and conditions of such proffered employment are reasonable.   The question of the reasonableness and good faith of defendant's offer was a question of fact for the jury, not a question of law to be determined by the court.   Levin v. Standard Fashion Co. (City Ct.) 4 N. Y. Supp. 867; De Loraz v. McDowell, 68 Hun, 170, 22 N. Y. Supp. 606.   If deemed to have been submitted to the jury, they have determined the question in favor of plaintiff.   If not submitted to the jury, then defendant, having made no request for such submission, must be deemed to have waived his right thereto; and the evidence on that point could not properly be made a ground for setting aside the verdict.   But instead

of the verdict being against the weight of evidence on this point, it is fully supported by the evidence.

[5] Plaintiff testified that frequent disputes had arisen between him and defendant, prior to plaintiff's wrongful discharge, because of plaintiff's claim that another superintendent, named Kerstein, employed by defendant, subsequent to plaintiff's employment, interfered with plaintiff and prevented plaintiff's proper performance of his duties, and that when defendant first offered to re-employ him some two or three days after his wrongful discharge and after his return to New York, he at first refused to accept re-employment unless defendant discharged Kerstein, but, during subsequent negotiations, withdrew that demand. Plaintiff's preliminary refusal to return to defendant's employ unless Kerstein was discharged was not conclusive evidence against him, in view of the subsequent renewal of the negotiations and his subsequently expressed willingness to waive that condition. Defendant's Exhibit C. "There was a locus pœnitentiæ," some reasonable time during which plaintiff might have become aware that he was in error and recede from his position. Nat. Contracting Co. v. H. R. W. P. Co., 192 N. Y. at page 218, 84 N. E. 965.

[6] It further appears that defendant did not, in its original offer of re-employment, include proffer of payment for the time lost by plaintiff since his discharge, or for the expenses which would be necessarily incurred by him in returning to the place of employment. Plaintiff, if re-employed, was entitled to demand that he be made whole, that he suffer no loss because of his wrongful discharge. The failure to include in the offer full compensation for the time lost since his discharge and the necessary expense of returning to the place of employment would justify a jury in finding that the offer of re-employment was not reasonable, or not made in good faith.

Defendant's evidence as to the final offer of re-employment is embodied in defendant's Exhibit D, a letter written by defendant's attorney to plaintiff's attorney, wherein it is stated:

"They [defendant] will not pay his expenses from Cleveland to New York and return, as suggested in your letter, nor any salary for the time he was idle"

—i. e., for the term intervening between the alleged wrongful discharge and the time of the offer of re-employment. This was in effect an offer of re-employment, based on the condition that plaintiff should waive his right to compensation for the period that he was deprived of employment by defendant's breach of contract. Plaintiff was under no obligation to accept re-employment upon such unreasonable and unjust terms. There was no obligation resting upon him, after a wrongful discharge by defendant, to waive any rights already accrued as to damages resulting from defendant's breach of contract.

The questions of fact involved having been determined in favor of the plaintiff on sufficient evidence, and no proper ground appearing for the setting aside of the verdict, the order must be reversed, with costs, and the judgment reinstated, with costs. All concur.