## HALPERN v. HORWITZ et al.

(Supreme Court, Appellate Term, First Department. December 28, 1915.)

1. MASTER AND SERVANT ⬦43—COMPENSATION—ACTION FOR WAGES—QUESTION FOR JURY.

In an action by an employé for wrongful discharge, it was improper to exclude from the consideration of the jury any damages accruing to plaintiff after a date on which defendants offered to re-employ him, since it was at least a jury question whether plaintiff was bound to accept such re-employment under the circumstances.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. ⬦43.]

2. MASTER AND SERVANT ⬦40—COMPENSATION—ACTION FOR WAGES—REDUCTION OF RECOVERY—BURDEN OF PROOF.

In an action by a servant for wrongful discharge, the burden to prove plaintiff's opportunity to earn money after the discharge, in reduction of his recovery, was upon the defendants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. ⬦40.]

Appeal from City Court of New York, Trial Term.

Action by Nathan Halpern against Meyer Horwitz and another, co-partners as Horwitz Bros. Judgment for plaintiff for $215, and he appeals. Reversed, and new trial granted.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Jacob Manheim, of New York City, for appellant.

Spiro & Wasservogel, of New York City (Lewis A. Abrams, of New York City, of counsel), for respondents.

BIJUR, J. Plaintiff sued for damages for his unlawful discharge in May, 1913, under a contract of employment with defendants terminating in December.

[1] The learned judge below excluded from the consideration of the jury any damages accruing after July 17th on the ground that on that date defendants had offered plaintiff re-employment. It was, however, at best a question for the jury whether, under the circumstances, plaintiff was bound to accept such re-employment. See Heiferman v. Greenhut Co., 83 Misc. Rep. 435, 145 N. Y. Supp. 142.

[2] Further error was committed in refusing to charge that the burden of proving plaintiff's opportunity to earn money after the discharge lay upon the defendants. Howard v. Daly, 61 N. Y. 362, 377, 19 Am. Rep. 285.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.