FIDELITY & DEPOSIT CO. OF MARYLAND *v.* VERHEYDEN.

1. APPEAL AND ERROR—REVIEW BY WRIT OF ERROR WITHOUT BILL OF EXCEPTIONS.

Where review is had by writ of error without a bill of exceptions, the Supreme Court must confine review to the record, which may not be supplemented by statements in an affidavit.

2. JUDGMENT—RESERVATION OF JUDGMENT—DECISION.

Where motion by one of several defendants for judgment *non obstante veredicto* was reserved under 3 Comp. Laws 1915, § 14568, subsequent entry of judgment against him and another defendant decided the motion, and it was not necessary to enter a separate decision thereof upon the record.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

Without a bill of exceptions the Supreme Court cannot hold that there was manifest error in entering judgment in favor of one defendant and against the others.

Error to Wayne; Dingeman (Harry J.), J.    Submitted June 13, 1928.    (Docket No. 138, Calendar No. 33,534.)    Decided July 24, 1928.

Assumpsit by the Fidelity & Deposit Company of Maryland, assignee of Warren T. Fultz, against Charles Verheyden and others for goods sold and delivered.    Judgment for plaintiff.    Defendant Verheyden brings error.    Affirmed.

*Edmund M. Sloman,* for appellant.

*Mark L. Rowley,* for appellee.

WIEST, J.    Review is had in this case by writ of error without a bill of exceptions, and, therefore, is limited to matters of record.

A verdict was rendered against the three defendants in an action of assumpsit. On motion of the attorney for plaintiff judgment was entered against defendants Charles Verheyden and George Pletsch, copartners as Pletsch-Verheyden Company, and "no cause for action as to defendant General Commodities, Incorporated." Under plea of the general issue, defendants Charles Verheyden and General Commodities, Inc., gave notice of set-off. This prevented plaintiff, had it cared to do so, from discontinuing as to such defendants while the subject of set-off remained undecided. The verdict of the jury eliminated the claim of set-off, and thereafter plaintiff could, with consent of the court, elect to have judgment against any one or all of the defendants, unless the suit involved a joint and not a joint and several liability. We are not informed of the subject-matter of the suit beyond that it was in assumpsit with declaration on the common counts. After verdict and before judgment attorneys for defendant George Pletsch moved for judgment *non obstante veredicto.* The motion was denied. Pletsch does not prosecute review. There is a calendar entry dated May 6, 1927, stating that: "Motion to enter judgment for defendant Charles Verheyden denied." The record does not disclose such a motion and whether it was made *ore tenus* or in writing does not appear.

Judgment was entered May 6, 1927. July 29, 1927, defendant Verheyden filed a motion to have the court enter decisions upon the motion for a directed verdict, reserved by the court under section 14568, 3 Comp. Laws 1915, and vacate the judgment of May 6th, as prematurely entered. This motion was supported by the affidavit of Verheyden's attorney. The record is not clear as to what disposition was made of this motion, but we assume it was denied. In the absence of a bill of exceptions showing matters not of

record, we must confine review to the record, and may not supplement the record by statements in an affidavit. If there was a motion for judgment *non obstante veredicto* by Verheyden, the entry of judgment decided the motion and it was not necessary to enter a separate decision thereof upon the record. Without a bill of exceptions we cannot hold there was manifest error in entering judgment in favor of one defendant and against the others.

We find no reversible error in the record before us, and the judgment is affirmed, with costs.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.