## VANDENBERG v. KAAT.

1. JUDGMENT—RESERVING DECISION—ENTRY—EMPSON ACT.
   Where decision on defendant's motion for directed verdict had
   been reserved under Empson act (3 Comp. Laws 1915, § 14568),
   and, after verdict for plaintiff, defendant moved for judg-
   ment *non obstante veredicto*, entry of judgment for defendant
   was decision granting his motion for directed verdict, and
   was sufficient entry thereof of record, and judgment was
   regular.

2. STATUTES—REPEAL—EMPSON ACT—JUDICATURE ACT.
   Empson act (3 Comp. Laws 1915, § 14568) is not inconsistent
   with, and is not repealed by, judicature act.

3. SAME—CONSTITUTIONAL LAW—JURY TRIAL—WEIGHT OF EVIDENCE.
   Contention that Empson act (3 Comp. Laws 1915, § 14568) is
   unconstitutional, as invasion of right of jury trial because
   court passes on weight of evidence, is without merit, since
   court does not pass on weight of evidence under the act.

Certiorari to Kent; Brown (William B.), J. Sub-
mitted October 14, 1930. (Docket No. 76, Calendar
No. 35,125.) Decided December 2, 1930. Rehearing
denied February 27, 1931.

Case by Ybe Vandenberg against John Kaat and
others for injuries caused in an automobile accident.
Defendant Kaat reviews by certiorari order vacat-
ing judgment *non obstante veredicto* in his favor.
Judgment reinstated.

*Irving H. Smith* and *Peter J. Danhof,* for plain-
tiff.

*Dunham, Cholette & Allaben,* for defendant Kaat.

FEAD, J. This is certiorari to review an order set-
ting aside a judgment. January 21st, plaintiff had
verdict in a negligence case, in which defendant had

moved at the trial for directed verdict and decision on the motion had been reserved by the court under the Empson act, 3 Comp. Laws 1915, § 14568. January 24th, defendant made formal motion for judgment *non obstante veredicto*. In an opinion filed February 15th the court held defendant entitled to prevail on the motion, and on February 17th entered judgment for him. April 4th, plaintiff moved to vacate the judgment, and on April 25th the court so ordered, on the ground that the decision on the reserved motion had not been entered in the record as required by the Empson act. April 28th judgment for defendant *non obstante* was again entered.

The entry of judgment for defendant was a decision granting his motion and a sufficient entry thereof of record. *Fidelity & Deposit Co. of Maryland* v. *Verheyden*, 243 Mich. 544. The judgment was regular and the order vacating it invalid.

Plaintiff further contends that the Empson act was repealed by the judicature act because inconsistent with it. The Empson act covers judgments notwithstanding the verdict. The judicature act does not govern the subject. There was no inconsistency.

He further contends the Empson act is unconstitutional, as an invasion of the right of trial by jury, because, he states, on decision of the reserved motion, the court passes upon the weight of evidence. As the court does not pass upon the weight of evidence under the act, the point fails.

The judgment entry of February 17th will be reinstated in force, and the subsequent entry vacating it and the later judgment entry set aside, with costs to defendant.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.