## LINENDOLL v. TE PASKE.

1. AUTOMOBILES—NEGLIGENCE—DIRECTED VERDICT—DUTY TO OB-
SERVE—SPEED.

Negligence as a matter of law because of lack of sufficient prior
observation or by failure so to drive as to be able to stop within
the assured clear distance ahead is not to be attributed to east-
bound motorist where there is testimony he was first able to
observe precise location of westbound parked cars partly on
pavement at south of T-shaped intersection when he was from
150 to 175 feet west thereof on ice-covered highway and he
observed southbound truck was having difficulty in stopping,
necessitating choice of risking collision with truck, collision
with front parked car or going into ditch at south of road and
collision with corner of front parked car ensued while attempt-
ing third alternative (CL 1929, § 4697, as amended by PA
1939, No 318).

2. SAME—PARKED CARS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR
JURY.

Icy condition of highways, known to plaintiff, existence of wider
shoulder westward of where his and neighbor's westbound cars
were parked with right wheels on pavement, possibility of
parking their cars completely off the pavement on the north
side thereof and other factors presented question of fact as

REFERENCES FOR POINTS IN HEADNOTES

[1, 7] 5 Am Jur, Automobiles, §§ 259, 263.
[1, 7] Driving automobile at speed which prevents stopping with-
in range of vision as negligence. 44 ALR 1403; 58 ALR 1493;
87 ALR 900; 97 ALR 546.
[2, 3, 10] 5 Am Jur, Automobiles, §§ 435, 691.
[2, 3, 10] Liability for injury in collision with automobile stand-
ing on wrong side of street or highway. 70 ALR 1021.
[2, 3, 10] Parking at improper place as affecting liability for auto-
mobile accident. 73 ALR 1074.
[2, 3, 10] Stopping vehicle on traveled portion of highway as af-
fecting responsibility for collision between vehicles. 131 ALR
562.
[5] 5 Am Jur, Automobiles, § 689.
[7, 8] 5 Am Jur, Automobiles, § 730.
[9] 5 Am Jur, Automobiles, § 701.
[9] Emergency rule as applied to automobile or motorcycle driver.
6 ALR 680; 27 ALR 1197; 79 ALR 1277; 111 ALR 1019.

to whether plaintiff was guilty of contributory negligence in stopping his automobile when and where he did.

3. Same—Parked Cars—Contributory Negligence Per Se—Statutes.

Motorist who parked his westbound car with right wheels on pavement and left wheels at south thereof in order to remove mail from mailbox would be guilty of negligence *per se* if it were practicable for him to stop his car elsewhere than on the pavement in order to get his mail (CL 1948, § 256.326).

4. Same—Negligence—Speed—Evidence—Question for Jury.

Jury's verdict for eastbound defendant motorist in action against him by plaintiff who was standing near his own westbound car, parked with right wheels near south edge of pavement was not against great weight of evidence because certain of plaintiff's calculations as to time, space and speed based on testimony of plaintiff's witnesses tended to refute defendant's testimony as to speed at different stages prior to collision, where there were no uncontroverted physical facts supporting one side more than the other in such respect.

5. Same—Speed—Evidence.

Jury question as to defendant motorist's speed, a material element in the case, was presented where such matter was in dispute and testimony as to it was not in accord.

6. Same—Speed—Parked Cars—Contributory Negligence.

Acceptance of plaintiff's version as to defendant's speed as he approached where plaintiff was standing near his car parked partly on pavement on wrong side of road would not necessarily render verdict for defendant against the great weight of the evidence where jury may well have predicated its verdict upon a finding of contributory negligence on the part of plaintiff.

7. Same—Duty to Observe—Stopping—Instructions—Requests to Charge.

Reversal for failure to give instructions as to defendant motorist's duty to maintain proper observation and to drive so as to be able to stop within the assured clear distance ahead will not be ordered where record fails to disclose requests therefor by plaintiff (CL 1929, § 4697, as amended by PA 1939, No 318; Court Rule No 37, § 9 [1945]).

8. Negligence—Instructions—Requests to Charge.

Reversible error is not necessarily committed by a trial court which fails to instruct as to the law applicable to defendant's every possible act or failure to act on which plaintiff may con-

ceive himself able to predicate negligence, in the absence of requests therefor by the plaintiff (Court Rule No 37, § 9 [1945]).

9. AUTOMOBILES—NEGLIGENCE—SUDDEN EMERGENCY.

In action wherein the question of negligence of defendant motorist was one of fact for the jury, the question of whether or not defendant was entitled to the benefit of the sudden emergency doctrine was properly submitted to the jury as dependent upon whether or not the sudden emergency had been occasioned by his negligence.

10. SAME—PARKED CARS—STATUTES—PROXIMATE CAUSE—INSTRUCTIONS.

Inaccurate and inept instruction to jury, in action by parked motorist against defendant who so operated his car as to injure plaintiff, that if violation of statute as to driving vehicles upon right side of highway was not a proximate cause of the injury, the violation must be disregarded by the jury, did not constitute reversible error in view of another statutory provision forbidding stopping of a vehicle on paved part of highway when practicable to stop the same off such paved part, under which provision the question of practicability of stopping elsewhere than where plaintiff did, partially off the left side of the paved part of the highway, was properly a question for the jury (CL 1948, §§ 256.311, 256.326).

Appeal from Oakland; Holland (H. Russel), J. Submitted January 6, 1950. (Docket No. 73, Calendar No. 44,394.) Decided February 28, 1950.

Case by Bert B. Linendoll against Bernard A. Te Paske for injuries sustained in accident. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Dudley E. Whiting*, for plaintiff.

*Markle & Markle* (*James A. Markle* and *Richard G. Eubank*, of counsel), for defendant.

DETHMERS, J. Plaintiff stopped his automobile on an east and west paved highway, facing west, in front of his rural mailbox located 3 or 4 feet south

of the south edge of the pavement, with the left wheels on the south shoulder and right wheels on the pavement. His purpose was to reach out of the window to take mail from the box. When he attempted to drive away the wheels spun in an icy rut so that he could not move his car. A neighbor then towed it forward about 6 or 10 feet, after which he stopped his car in front of that of plaintiff, so that both cars stood facing west with the left wheels on the south shoulder and right wheels on the pavement. Opposite plaintiff's mailbox a gravel road extended northward from the paved highway, the two joining to form "T." Both were covered with ice. Plaintiff testified that the pavement on the east and west highway was about 22 feet wide with gravel shoulders on each side which at that point were 3 or 4 feet wide. Plaintiff's neighbor testified, however, that just west of the mailbox there was more shoulder on the south side of the pavement, that this was in front of a home and that it was built out further there, that the shoulder was wider there and that it was there that he had turned in for the purpose of towing plaintiff's car. According to plaintiff's testimony, the intersection of the 2 highways was very wide, "It is a big wide fan" where the north and south gravel road turns west onto the east and west paved highway, and there was enough shoulder in the wide turn of the intersection north and across the pavement from the mailbox so that a car coming from the north could turn right, face west and park there on the gravel north of the pavement without being on the pavement at all.

After plaintiff's automobile had been towed as stated he and his neighbor got out of their cars and removed the tow chain. Plaintiff testified that while they were standing on the south side of their cars he saw defendant's automobile approaching from the west, about 1,200 feet distant, coming at about

45 or 50 miles per hour until it was about 200 feet distant, at which time it appeared that defendant was applying the brakes and his car started to swerve, skid and zigzag; that plaintiff then warned his neighbor to get out of there quickly and that plaintiff jumped onto the skirt behind the front bumper of his car directly behind his neighbor's car and watched defendant's car approach from a point then about 150 feet distant; that defendant's car swerved south, left the pavement and started to pass south of his neighbor's car, but that the back end of defendant's car then swerved north and struck the left front fender of the neighbor's car, forcing that car backward against plaintiff's car and causing injury to plaintiff's leg. When warned by plaintiff, his neighbor went about 12 feet south from where he had been standing and was not struck.

Defendant testified that when 400 or 500 feet distant from the scene of the accident he became aware of the presence of the 2 cars ahead of him, but that because he was then driving through a low place or depression and around a bend in the road he could not see more than the tops of the cars nor determine their precise location with relation to the pavement until after he had rounded the bend and come out of the hollow at a point about 150 to 175 feet from the parked cars when, for the first time, he could see that they were standing on their left or south side of the highway, partly on and partly off the pavement; that his first thought was that he could safely pass along the north side of the cars, but that he then observed a truck coming from the north on the gravel road, approaching the intersection in which the parked cars were standing, that it appeared to be experiencing difficulty in coming to a stop on the ice and that it was zigzagging; that defendant became doubtful as to whether the truck would suc-

ceed in coming to a stop before entering the intersection; that he then concluded that he had the choice of 1 of 3 alternatives, (1) to attempt to pass along the north side of the parked cars at the risk of collision with the truck, if it failed to stop, (2) to collide with the front parked car, or (3) to head for the ditch south of the parked cars; that he elected the latter alternative, applying his brakes spasmodically in order to lessen his speed from the 15 to 20 miles per hour at which he was then travelling without sliding as much as would have occurred had he applied the brakes steadily; that his car slid forward on the ice angling to the southeast and off the pavement at a gradually diminishing rate of speed until it was going at not over 5 miles per hour when the collision occurred.

The jury returned a verdict for defendant of no cause for action. Plaintiff appeals. In support of his claim that the trial court erred in not granting his motion for a directed verdict, plaintiff says that defendant was guilty of negligence and plaintiff was free from contributory negligence, both as a matter of law. Urged as defendant's negligence as a matter of law are failure to make proper observation and failure to drive so as to be able to stop within the assured clear distance ahead.* . Plaintiff stresses the fact that defendant could have seen the parked cars when 1,000 feet or more distant, but that he did not notice them until from 400 to 500 feet distant. The testimony does not indicate how defendant's failure to observe the parked cars before he was 500 feet from them could have been a proximate cause of the accident. When he first saw that the cars were on the south half of the pavement he was approximately 175 feet distant and at that time,

* See CL 1929, § 4697, as amended by PA 1939, No 318 (Stat Ann 1946 Cum Supp § 9.1565).—Reporter.

from due observation made, he concluded that he could, and from all that appears in the record he then could have proceeded in safety to pass the cars along their north side, that portion of the pavement being at that time free from other traffic and open to his use. According to defendant's testimony it was a subsequent event, namely, the skidding of the truck toward the intersection, that suddenly imposed upon him the necessity for choosing immediately 1 of 3 alternatives, each of them attended with some risk. Under such circumstances it cannot be said to appear with such certainty as to warrant holding defendant guilty of negligence as a matter of law that the situation thus presented and the subsequent accident were caused either by defendant's lack of sufficient prior observation or by his failure to drive so as to be able to stop within the assured clear distance ahead. The case is in those respects distinguishable on its facts from such cases as *Bowmaster* v. *William H. DePree Co.*, 252 Mich 505, and *Burke* v. *County of Washtenaw*, 301 Mich 666, on which plaintiff relies.

The icy condition of the highways, known to plaintiff, the existence of a wider shoulder west of the mailbox, the possibility of parking completely off the pavement north of it—these and other factors gave rise to a question of fact for the jury as to whether plaintiff acted as a reasonably prudent and careful driver would have done under like circumstances in stopping his automobile when and where he did. They likewise gave rise to a question of fact as to whether it was then and there practicable for plaintiff to stop his car elsewhere than on the pavement in order to get his mail. If it was, his action in parking on the pavement was in violation of the statute (CL 1948, § 256.326 [Stat Ann 1947 Cum Supp § 9.1586]) and constituted negligence *per se*.

We are not impressed by plaintiff's claim that, because certain of his calculations as to time, space and speed, based on the testimony of plaintiff's witnesses, tend to refute defendant's testimony as to his speed at different stages prior to the collision, therefore the jury's verdict was against the great weight of the evidence. There were no uncontroverted physical facts supporting the one side more than the other in this respect. The testimony concerning defendant's speed, a material element in the case, was a matter of dispute between the parties. It was for the jury to determine which testimony touching on that matter was to be taken as true and which rejected as untrue. Furthermore, it would not necessarily follow from an acceptance of plaintiff's version as to defendant's speed that the verdict was against the great weight of the evidence inasmuch as it may well have been predicated upon a jury finding of contributory negligence on plaintiff's part.

Plaintiff next complains that the court failed to instruct the jury concerning defendant's duty to maintain proper observation and to drive so as to be able to stop within the assured clear distance ahead. The record discloses no requests therefor by plaintiff. Consequently, reversal will not be ordered on those grounds. Michigan Court Rule No 37, § 9 (1945); *Stewart* v. *Eghigian,* 312 Mich 699; *Molitor* v. *Burns,* 318 Mich 261. Plaintiff cites *Jorgensen* v. *Howland,* 325 Mich 440, to the effect that, even though not requested, it is reversible error for the court to fail to instruct on essential elements of the case. The essential elements referred to in that case were negligence, proximate cause and freedom from contributory negligence. We did not hold that it is reversible error for the court to fail to instruct as to the law applicable to defendant's every possible

act or failure to act on which plaintiff may conceive himself able to predicate negligence, in the absence of requests therefor by the plaintiff.

Plaintiff claims that the court erred in charging that its instruction concerning the doctrine of sudden emergency, which plaintiff concedes was correctly given, had equal application to plaintiff and defendant. This claim arises out of plaintiff's view that defendant was guilty of negligence as a matter of law which caused such emergency as may have confronted him. Inasmuch as we hold that the question of defendant's negligence was one of fact for the jury, it follows that the further question of whether he was entitled to the benefit of the sudden emergency doctrine was properly submitted to the jury as dependent upon whether or not the sudden emergency had been occasioned by his negligence.

Finally, plaintiff urges as error the court's reading to the jury the statute (CL 1948, § 256.311 [Stat Ann 1947 Cum Supp § 9.1571]) requiring vehicles to be driven upon the right half of the highway. This the court followed by charging the jury that it is not illegal to stop a vehicle upon a highway to perform some necessary act, but that, where convenient or possible, such stopping should be confined to the driver's right-hand side of the road and, further, that violation of a statute constitutes negligence, but that if such violation is not a proximate cause of the injury it must be disregarded by the jury. The instruction was inaccurate and inept, but not prejudicial to plaintiff in view of the provisions of CL 1948, § 256.326 (Stat Ann 1947 Cum Supp, § 9.1586) forbidding the stopping of a vehicle on the paved part of a highway when practicable to stop the same off such paved part, under which section the question of the practicability of stopping elsewhere than where plaintiff did on the paved part of

the highway was properly a question for the jury. Affirmed, with costs to defendant.

Boyles, C. J., and Reid, North, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.